CAMPBELL, receiver, &c. *vs.* ADAMS.

An assessment made upon a premium note, should be made without reference to a former assessment standing in force against the maker of the note, and as to which the assessing power of the insurance company is expended. If it includes such former assessment it will be irregular.

The surrender of a policy by the insured, and its cancellation by the insurance company, dissolves the relation of the insured as a member of the company, and the company has no further claims upon him, except for the unpaid assessments previously made.

The premium note is part and parcel of the contract of insurance, and, with the policy, constitutes the whole of the transaction. One part cannot be canceled and the other remain in full force, without the consent of both parties.

Where the decision made at the circuit is correct, but the judgment is erroneously entered, the remedy of the party is not by appeal from the judgment, but by motion at a special term, to correct the error.

APPEAL from a judgment entered upon the order of the court on a trial at the Steuben circuit, in February, 1861, without a jury.

*G. H. McMaster,* for the appellant.

*A. P. Ferris,* for the respondent.

*By the Court,* WELLES, J. The action was brought by the plaintiff as receiver of the Steuben Farmers and Merchants' Insurance Company, to recover the amount due upon

Campbell *v.* Adams.

a premium note, dated Cuba, May 12, 1853, given by the defendant to the insurance company for $240, payable in such portions and at such time or times as the directors of the company might, agreeably to their charter and by-laws, require. .The justice states in his findings of fact, among other things, that the policy, upon the issuing of which the note in question was given, expired May 23, 1856, when the defendant ceased to be a member of the company. That on the 31st December, 1855, the directors duly made an assessment on the defendant's note, held by the company, of $28.62. That the defendant had notice of such assessment from the secretary of the company, who was the general agent thereof, about February 3, 1856, which notice was accompanied by a statement signed by the secretary, that a large number of policies had been surrendered and canceled that year, and that others were daily sent to the office of the company for cancellation; that it would not be prudent for the defendant to rely upon the company for insurance of his property; and that on surrender of the defendant's policy, at the office of the company, and the payment of the charges to which his premium note was subject, his liability to be assessed for the losses and expenses of said company after the day of such surrender, would cease. That the defendant, mistaking the amount of the said assessment of December 31, 1855, and supposing it was only $2.86, on the 5th of February, 1856, inclosed that sum in a letter with his policy to the secretary at Bath, N. Y., with a request that the policy be canceled. The policy and the $2.86 were received by the secretary, at the office of the company in Bath, on the 9th of February, and on that day the company canceled the policy on their books, and the cancellation has never been revoked or annulled. That about the 10th of February, 1856, the secretary informed the defendant by letter that the assessment on his note was $28.62, and that he must forward the balance; and on the 7th June, 1856, he again requested the defendant by letter to remit the balance of his

said assessment without delay, but the defendant did not remit it, and has never paid it. The company was solvent on the 9th of February, 1856, and remained solvent until and after June 7th of that year. That the defendant paid all assessments the company made on his note prior to December 31, 1855. The company was adjudged insolvent by the court, and the plaintiff appointed receiver, on the 18th day of November, 1856.

On the trial, it appeared that on the 3d day of June, 1857, the plaintiff as such receiver did, pursuant to an order of the court, make an assessment upon the premium notes in his hands, to pay the indebtedness of the company and the expenses of executing the trust, and that the defendant was then assessed $44.67, which was duly published and demanded of the defendant, pursuant to the charter and by-laws of said company. It also appeared that $25.87, the balance of the unpaid assessment of December 31, 1855, was included in the assessment of $44.67, made by the receiver in June, 1857. It also appeared that the defendant was assessed in the said receiver's assessment for his share of the unpaid indebtedness of the company up to the time of the surrender of his policy, and also to pay the expenses of the execution of the trust by the receiver.

The justice at the trial held that the plaintiff was entitled to recover of the defendant only the balance unpaid of the assessment of December 31, 1855, with interest from February 9, 1856, which balance and interest amounted to $34.83; and that the plaintiff was entitled to judgment for that sum. Also that the defendant was entitled to judgment for his costs, to be collected of the estate or fund represented by the plaintiff as receiver. Judgment was entered accordingly; excepting that it did not provide that such costs should be collected of the estate or fund represented by the plaintiff as receiver, but was simply a judgment "that the said defendant do recover of the said plaintiff

Campbell *v.* Adams.

the sum of ninety-six dollars and thirty-one cents for his costs and disbursements in this action."

We think, upon the facts before the judge at the circuit, the proper judgment was ordered.

1. The assessment by the receiver upon the defendant's premium note was irregular, in including in that assessment the previous one of December 31, 1855. He should have made it without reference to the former unpaid assessment, which stood in force against the defendant, and as to which the assessing power of the company was expended. Although in this instance no injury may have resulted to the defendant, it is an improper mode of making the assessment, and cannot be allowed. The receiver has no right thus to consolidate the alleged claims against a member of the company, who may have legal objections against one assessment which does not apply to another, and ought not to have his defense complicated and embarrassed by rolling up all the assessments into one. The assessment, if regular, is final against the defendant. It is in the nature of a judgment, although the proceedings in making it are entirely *ex parte.*

2. The surrender of the policy by the defendant, and its cancellation by the company, dissolved the defendant's relation as a member of the company, and neither they nor their receiver had any further claims upon him, except for the unpaid balance of the assessment of December 31, 1855. The note was part and parcel of the contract of insurance, and, with the policy, constituted the whole of the transaction. One part could not be canceled and the other remain in full force, without the consent of both parties. At the time the policy was canceled, the assessment made by the directors, deducting the small payment made by the defendant, was all that the company could in any event claim of him. The payment of $2.86 was made by the defendant in good faith, supposing it was all the company required; and the act of the company in cancelling the policy, upon the receipt of that sum, shows that they intended to rely upon their claim

for the balance of the assessment, and for which the defendant was clearly liable under the circumstances of the case.

3. If the form of the judgment, as finally entered, involves the receiver in personal liability for the defendant's costs, it is irregular. I incline to think it may have that interpretation, but this is not the place or occasion to correct the irregularity. The plaintiff's remedy for the evil is on motion at special term, and not by appeal from the judgment. All this court can do on appeal is to review the decisions made by a single judge, or by an inferior court. This irregularity, if it be one, was committed by the defendant's attorney, and not by any court or judge. The decision of the judge at the circuit on the question of costs, was correct, and the error complained of was the departure from that decision in the form of the judgment entered by the attorney, or at his instance.

The judgment should be affirmed.

Ordered accordingly.

[MONROE GENERAL TERM, September 1, 1862. *Johnson, E. Darwin Smith* and *Welles*, Justices.]