FREDERICK A. SANDS, receiver of the Columbian Insurance Company, *vs.* HENRY HILL.

42b 651
o64ad253

In· an action by the receiver of an insurance company, to recover the amount of an assessment made upon a premium note, the plaintiff need not prove all the facts, upon which he, or the company, allowed the losses for which the assessment was made.

All he is required to show is that sufficient claims for losses had been presented to the company, or to him, which he allowed, to make up the sum for which he assessed the notes.

The company, or when insolvent, its receiver, acts for the members, in receiving and allowing claims for losses; and the determinations of the company, or its receiver, in allowing such claims, are *prima facie* binding upon its members.

It is in the power of the company, or its receiver, to allow equitable claims for losses, though no actions to recover the same could be maintained, by reason of the neglect of the claimants to bring them within the time prescribed by the charter or by-laws of the company, or that limited by statute.

When such claims are allowed, the company, or its receiver, is bound to pay them, provided there are funds for that purpose; and when there are no funds, it is the duty of the company, or its receiver, to collect enough for that purpose of the note makers. And the latter can not defeat actions brought against them, upon their notes, for the recovery of such funds, on the ground that the company, or its receiver, might have avoided allowing or paying the losses upon mere technical grounds.

The promise of an agent of an insurance company that the company will surrender a premium note in consideration of the payment, by the maker, of the amount of an assessment made thereon, and the surrender by him of his policy, is without consideration, and void.

Besides his indebtedness for the amount of an assessment already made, the maker of a premium note is also liable to pay his just proportion of the losses of the company occurring while his policy is in force, for which no assessment has yet been made.

And if he pays the amount of an assessment already made, upon his note, while the policy is still in force, upon an agreement that his note shall be surrendered, all he can claim is that such payment shall be credited upon his note.

A member of a mutual insurance company, who has contracted with it as a valid corporation, is not in a position to object to the regularity of the incorporation or formation of the company.

APPEAL by the defendant from a judgment entered against him, in favor of the plaintiff, in the office of the clerk of Otsego county, upon the report of a referee. The facts, so

far as they are necessary to a correct understanding of the decision of this court, are contained in the following opinion.

*Henry R. Mygatt,* for the plaintiff.

*Anson Bingham,* for the defendant.

*By the Court,* BALCOM, J.   This action was founded upon a premium note in the words and figures following, viz: "$400.   For value received in policy No. 423, dated the 10th day of October, 1851, issued by the Columbian Insurance Company, I promise to pay the said company the sum of four hundred dollars, in such portions and at such time or times as the directors may, agreeably to their charter and by-laws, require.　　　　(Signed)　　　HENRY HILL."

The most important question in the case is whether the plaintiff gave sufficient evidence of losses by the company to justify him in making the assessment by which the defendant was required to pay the full amount unpaid upon his note.

There was no necessity for the receiver to prove all the facts upon which he or the company allowed the losses for which the assessment was made.   All he was required to show was that sufficient claims for losses had been presented to the company, or to him, which he allowed, to make up the sum for which he assessed the notes.   It has been held that the record of losses, kept by a mutual insurance company, is sufficient *prima facie* evidence that such losses have occurred, in an action to recover an assessment laid upon the members.  *(People's Mutual Ins. Co.* v. *Allen et al.* 10 *Gray's Mass. Rep.* 297.)   The company, or where insolvent, its receiver, acts for the members, in receiving and allowing claims for losses; and the determinations of the company, or its receiver, in allowing such claims *are prima facie* binding upon the members.

I think it is in the power of the company, or its receiver, to allow equitable claims for losses though no actions to

Sands *v.* Hill.

recover the same could be maintained, by reason of the neglect of the claimants to bring them within the time prescribed by the charter or by-laws of the company, or that limited by statute. When such claims are allowed, the company, or its receiver, is bound to pay them, provided there are funds for that purpose; and when there are no funds, it is the duty of the company or its receiver to collect enough for that purpose of the note makers; and the latter can not defeat actions brought against them upon their notes for the recovery of such funds on the ground that the company or its receiver might have avoided allowing or paying the losses upon mere technical grounds.

Whether the directors or the receiver would be liable over to the note makers for allowing equitable claims for losses, which they might have avoided or defeated on merely technical grounds need not be determined, and I will not express any opinion upon the question. I will only say, if the note makers have any remedy for the allowance of such claims, it must be against the directors or receiver personally.

It seems to me the plaintiff gave sufficient evidence to establish *prima facie* that the company owed debts enough to justify the assessment in question.

It was competent for the defendant to show that the alleged losses were fictitious, or that they were fraudulently allowed. But he did not prove or offer to prove such a fact. His position was that the company, or its receiver, might have avoided paying the losses by contesting them on the ground that actions to recover them have not been brought within the time prescribed by the charter or by-laws of the company, or that limited by statute. And, as has been seen, he could not defend the action on that ground.

The promise of an agent of the company that the company would surrender the defendant's note in consideration of the payment by the defendant of $132, and the surrender by him of his policy, was without consideration and void. The $132 was due from the defendant, for a valid assess-

Sands *v.* Hill.

ment upon his note, and he only discharged a legal liability when he paid it. He was then also liable to pay his just proportion of the losses of the company, while his policy was in force, for which no assessment had been made. His proportion of those losses was not fixed or compromised when he paid the $132, and surrendered his policy. He was properly credited, by the referee, with the $132 upon his note; and that was all he could claim, or that he was entitled to, respecting that money.

The defendant was not in a position to object to the regularity of the incorporation or formation of the company. He was a member of it until it was declared insolvent and dissolved, and had contracted with it as a valid corporation. The rule is that a defendant who has contracted with a corporation *de facto* is never permitted to allege any defect in its organization, as affecting its capacity to contract or sue; but that all such objections, if valid, are only available on behalf of the sovereign power of the state. (*See Palmer* v. *Lawrence,* 3 *Sandf. S. C. Rep.* 170; *White* v. *Coventry,* 29 *Barb.* 305; *Hyatt* v. *Esmond,* 37 *id.* 601; *Cooper* v. *Shaver,* 41 *id.* 151; *White* v. *Ross,* 15 *Ab. Pr. Rep.* 66.)

There is no other question in the case that need be noticed.

My conclusion is that the judgment in the action should be affirmed, with costs.

Decision accordingly.

[BROOME GENERAL TERM, January 24, 1865. *Parker, Mason* and *Balcom,* Justices.]