FREDERICK A. SANDS, receiver of the Columbian Insurance Company, *vs.* SAMUEL SWEET.

THE SAME *vs.* JOHN M. HARVEY and THOMAS HARVEY.

The assessment of a premium note is but the performance of a ministerial duty, and is therefore not final.

The fact that an assessment has already been made, upon a premium note, which still remains unenforced, will not render a second assessment upon the note, embracing the former one, and designed to accomplish the same purpose, invalid ; where no question arises as to the statute of limitations. The case of *Campbell* v. *Adams* (38 *Barb.* 132) overruled.

APPEAL from an order made at a special term allowing a demurrer to the 6th defense in the defendant's answer, in each case. Each action was brought upon premium notes given to the Columbian Insurance Company. The complaint alleged that the company was duly organized June 13th, 1851, under the act of 1849, and carried on business until

August, 1852 ; that in January, 1853, the company was dissolved by a decree at general term, and A. Sheldon duly appointed receiver of its effects, who filed the requisite security and became invested with all the property, &c: and received from the officers all the notes, &c. including the notes in question. That Sheldon continued as such receiver until February, 1859, when he was removed by the court, and in January, 1860, one Jackson was appointed as such receiver, who, in February, 1860, gave the requisite security, and who continued as such receiver until his removal by the court in September, 1861, when the plaintiff was appointed and gave security, &c. who became vested with all Jackson's rights as such receiver. That the defendant, on June 13, 1851, made the notes in question, (two for $400 each, and one for $800,) payable to the company or their treasurer in such portions and at such time or times as the directors might agreeably to their charter and by-laws require, and thereupon the company issued policies thereon, &c. That the plaintiff settled and determined that the sum to be paid by the defendant was the *entire amount* of the said notes, and *did assess them one hundred per cent*, and notice thereof was given by publication. The answer denied all the complaint except the making of the two $400 notes and the alleged personal demand of payment ; and *third*, alleged that the notes made by him were original or formation notes, and that the policies of insurance were for one year only, and the same were surrendered to the company before dissolution. *Fourth.* That the company assessed the said notes, and he had paid on one of the notes thirty-three per cent. *Fifth.* That the receiver Sheldon, after his appointment, assessed the notes of the company, including those in suit, and such assessment was confirmed by the court and the receiver directed to collect the same. *Sixth.* That the assessment by the plaintiff alleged in the complaint is irregular and void, as an assessment of said notes was made prior thereto by a former receiver, of whom the plaintiff is successor ; and *seventh.* That the action did not accrue in six years.

The plaintiff demurred to the sixth defense, which demurrer was sustained at special term by Hon. W. W. CAMPBELL, justice, and from the order entered thereon the defendant appealed to the general term.

*J. E. Dewey,* for the appellant. I. Facts sufficient are averred in the sixth defense and in the complaint to show that a former valid assessment on these notes had been made. 1. It appears by the complaint that each of the former receivers, Sheldon and Jackson, was duly appointed, and as such became vested with all the rights, &c. of the company. 2. It is distinctly averred in the sixth defense that an assessment was made on the note by a former receiver, prior to the plaintiff's assessment. 3. The former receiver, in the performance of his trust, is presumed to have done what the facts required of him and no more, and the assessment made by an officer of the court is presumed to be in all respects legal and valid until the contrary appears. The maxim " *Omnia rite esse acta*" applies with full force to such assessment. (*a.*) All things are presumed to have been legally and rightly done until the contrary is shown. (*Best on Ev.* 337, § 300. *Burrill's Law Dic.* 768. *Broom's Legal Maxims,* 5th ed. *p.* 443, *marg. pp.* 729, 730. 3 *Starkie's Ev.* 1234, 1241–8, 1250.) That judgments have been legally " rendered and are regular according to the established rules and practice." (3 *Hill,* 75. 4 *Denio,* 183. *Broom's Legal Maxims,* 5th ed. *p.* 442, *marg.* 729. *Bank of the United States* v. *Dandridge,* 12 *Wheat.* 64, 69, 70.) " The acts of a court of justice are to be presumed to be rightfully done." (3 *Story's Rep.* 534. *Best on Ev.* 337–339. 1 *Stew. & Port.* 30. *Olcott, President, &c.* v. *Boyce, Gen. Term, Opinion of Parker, J.*) (*b.*) " Presumptions are allowed when the fact to be presumed is consistent with duty, trust or power," but the law will not presume an act done *inconsistent* with duty. (*Brewster* v. *Striker,* 2 *Comst.* 42. *Jackson* v. *Cole,* 4 *Cowen,* 596. *Hartwell* v. *Root,* 19 *John.*

Sands *v.* Sweet.

345.)    So " the law presumes against the slightest violations of duty in the business and relations of private life." (*Starr* v. *Peck*, 1 *Hill*, 272, 3.)    (*c.*) The position of the former receiver is like that of a trustee having power to convey upon a certain contingency, whose deed is presumed "not to have been given until after the condition happened." (*Morrison* v. *McMillan*, 4 *Litt. R.* 210.    1 *C. & H.'s Notes*, 298.)    And it is presumed generally that a trustee has *faithfully* executed his trust.    (*Shilknect* v. *Eastburn's heirs*, 2 *Gill & John.* 114.)    The presumption is that every one " acquits himself of *his engagements and his duty*, (1 *C. & H.'s Notes*, 293,) and has conformed to the law." (*The King* v. *Hawkins*, 10 *East*, 211, 6.)

II.  The assessment by the plaintiff in June, 1862, for which this action was brought, was to " the entire amount of said notes," and necessarily included the former assessment.    It was therefore irregular and invalid, and no action will lie thereon. (*Campbell* v. *Adams*, 38 *Barb.* 132–5.)    1.  The assessing power of the receiver appointed by the court having been exercised upon *these notes*, it had been expended when the plaintiff's assessment of 1862 was made. (*Id.*) 2. Whether injury resulted to the defendant is of no moment.    " The receiver has no right thus to consolidate the alleged claims against a member of the company who may have legal objections against one assessment which do not apply to another." (*Campbell* v. *Adams*, *supra*, *Welles*, *J.*)   In *The People's Mut. Ins. Co.* v. *Allen*, (10 *Gray*, 297,) an assessment was laid in place of a former *illegal* assessment which was treated, and was as if never made, whereas here the former assessment was legal and valid.    In *Sands* v. *Sanders*, (25 *How.* 82,) the question here was not presented, considered or decided. The counsel there for some reason did not see fit to raise the question, and it was in no way adverted to by the court. 3.  It does not follow, because the statute authorizes the directors to make assessments "as often as *they* deem necessary," or gives the receiver power to make such assessments as may

be necessary to pay the debts of the company, (*Laws* 1852, *chap.* 71; *Laws* 1854, *p.* 774,) that therefore they may, after having once exercised the power thus given, make repeated assessments including the former through all time, either to defeat the operation of the statute of limitations, or for any other purpose.

III. As soon as the former assessment was made, it became *due and payable,* although an action therefor might have been premature if brought before demand of payment.

IV. If the allegation in the 6th defense be too general in its terms, as to time and manner, &c. the plaintiff's remedy was not by demurrer, but by motion to make it more definite and certain. (*Seeley* v. *Engell,* 3 *Kern.* 542, 548. *The People &c.* v. *Ryder,* 2 *id.* 432, 440–2.)

V. The facts alleged in the statement numbered "Fifth" should be considered in connection with the next following averment if necessary, for the purpose of upholding the part demurred to, as the pleadings are to be liberally construed. (*Code,* § 159.)

*Henry R. Mygatt,* for the respondent. I. Upon a demurrer to a distinct defense, separately stated in an answer, no resort can be had to other portions of the answer. Each defense must be complete in itself. (*Loosey et al.* v. *Orser,* 4 *Bosw.* 391. *The Xenia Branch Bank* v. *Lee,* 7 *Abbott,* 372. *Ritchie* v. *Garrison,* 10 *id.* 246.) The defense set up can not be aided by a reference to the statute of limitations, or any other separate defense contained in the same answer. (*Id. at page* 405.)

II. An answer stating new matter, which constitutes neither a defense nor a counter-claim, is demurrable under the code, since 1857. (*Code,* § 153. *Merritt* v. *Millard,* 5 *Bosw.* 645.)

III. An assessment by a former receiver, is no bar to a subsequent assessment by another receiver. 1st. By the 3d section of the act passed April 17, 1854, (*Sess. Laws,* 1854, *p.* 774, § 3,) which controls this company and this receiver's

assessments, " the directors ·shall, as often as they deem necessary," . . . " settle and determine the sums to be paid by the several members thereof." The same section requires " personal demand of payment" of the assessment to be made. The receiver, by the act of 1852, ch. 71, § 2, (2 *R. S. 5th ed. p.* 779,) " has full power, under the authority and sanction of the court appointing him, to make all such assessments . . . as may be necessary to pay the debts of the corporation," with the same " rights and remedies" as are conferred on the directors. The statute of 1854 requires the personal demand of payment, and no assessments can be collected by suit until not only the assessment is made, but a personal demand of payment also made.

It was held, in *Williams* v. *Babcock*, (25 *Barb.* 109,) that " assessment and notice are essential conditions as respects both the amount to be paid and the time of payment, and until these are shown, no breach on the part of the maker is established." It is not claimed, in the defense demurred to, that the former assessment was either published or demanded. 2d. There can be no presumption in favor of the validity of an assessment. The decision in *Campbell* v. *Adams*, (38 *Barb.* 135,) is based upon the exploded idea that " the assessment is final against the defendant." The court there say : " It is in the nature of a judgment, although the proceedings authorizing it are entirely *ex parte*." As said at general term, in *Thomas* v. *Whallon*, (31 *Barb.* 177,) the assessment " is not a proceeding *in rem* which binds all directly or indirectly affected by it, and the statute nowhere contemplates any judicial action which operates upon the rights of any party not represented." In *Bangs* v. *Duckinfield*, (18 *N. Y. R.* 592,) the court of appeals determined that an assessment " is not conclusive upon the person assessed, as a judicial determination." 3d. A former assessment is no bar to the recovery of a second or further assessment. In *The People's Mutual Ins. Co.* v. *Allen and another*, (10 *Gray*,

301,) there was " an earlier assessment, which had failed to be effectual," but the second assessment, notwithstanding the former assessment, was held valid. In *Sands, rec'r,* v. *Sanders,* the court of appeals held a second assessment to the entire amount of the note valid, although there had been a prior assessment to the entire amount of the note, to meet the liabilities of the company. When the necessity arises, the assessment is to the entire amount of the notes, and it is no answer that there is a previous assessment therefor. As between the company and its creditors, the notes are holden for all losses ; and, as between themselves, the members of the company are bound to contribute to the payment of all losses and expenses, to the amount of their notes. Upon principle, it can be no defense that there has been a prior assessment, when it is not claimed that the same has been paid, or that the statute of limitations is a bar thereto, or that the defendant has been in any way prejudiced by that former assessment. The members of these companies, as to creditors, are regarded as partners, and there can be no exemption from liability until payment, or until six years have elapsed from the personal demand of payment. In *Thomas* v. *Whallon,* (31 *Barb.* 178,) the court said : "If the directors of the company, or the receiver acting in their place, in making the assessment, acted *judicially,* the assessment would be evidence at least *prima facie* of its necessity, but they *do not act judicially.*" There is nothing to prevent a receiver from making several assessments. They may make all assessments that " may be necessary to pay the debts of such corporation," and bring their action upon either or all assessments ; but when they seek to recover by virtue of any assessment, it is sufficient if they show the existence of facts rendering the assessment necessary and proper.

This question was adjudged at the January general term, 1865, in the sixth district, in *Jackson, rec'r,* v. *Van Slyke,* a case in all respects similar to the present cases.

Sands *v.* Sweet.

*By the Court,* BOCKES, J.   These actions are brought on premium notes.   As a defense, it is averred that the notes were assessed by a former receiver, to whom the plaintiff is successor.   To this defense a demurrer was interposed, and judgment was ordered in favor of the plaintiff on the demurrer.   An appeal was thereupon taken to the general term.

The question here presented was considered in *Campbell* v. *Adams,* (38 *Barb.* 132,) and the defense that there had been a former assessment on the note was deemed good.   The decision was put on the ground that the assessment was a judicial act, and was final.   The court, per WELLES, J. say : " The receiver has no right thus to consolidate the alleged claims against a member of the company who may have legal objections against one assessment, which do not apply to another, and ought not to have his defense complicated and embarrassed by rolling up all the assessments into one." This is a general term decision, and in the absence of any other or different determination by the court, would probably control us on this appeal.   But the same question arose at general term in the sixth district, where the court declined to follow the decision in *Campbell* v. *Adams,* and held directly the reverse.   We are therefore required to examine the question as an original one in view of these hostile decisions.

If the decision in *Campbell* v. *Adams* rests on the ground there suggested, that the assessment is a judicial act, it can not stand ; for it is now well settled that the assessment is but the performance of a ministerial duty.   (31 *Barb.* 172, 177, 178.   14 *id.* 373.   18 *N. Y. R.* 592.)   These decisions are to the effect that the receiver acts ministerially and not judicially in making the assessment.   Hence it would seem that the principal ground of the decision in *Campbell* v. *Adams* is unsound.   The court also remark, in substance, that the receiver should not be allowed to remove, by a second assessment, difficulties or errors existing in a former one.  · It occurs to me that difficulties in the way of enforcing the first assessment would be a very substantial reason for a second

regular and valid one. So it was held in Massachusetts, (10 *Gray*, 297,) that an assessment was not invalid because laid in the place of a previous illegal assessment. The grounds of the decision, in *Campbell* v. *Adams*, do not, in my judgment, bear the test of examination. If we assume that the former assessment was in all respects regular and valid, then the question is whether one mere ministerial act will bar a future one in regard to the same subject matter, and with a view to accomplishing the same end. Whether, in this case, a mere assessment which remains unenforced should render a second one, embracing the same object and designed to accomplish the same purpose, invalid and of no force. If the purpose and effect of the second were to deprive a party of any substantial right, the case would be different. But it is not made to appear from the answer that the defendant can be injured by the second assessment. So far as is made to appear, it is but a repetition of an act in no respects injurious to him. It is no more than repeating performance of a condition precedent to a right of action. If a debt be due only after demanded, I think the party might rely on a second demand without danger of having the former one set up in bar of his action. I am inclined to follow the decision in *Jackson, rec'r*, v. *Van Slyke*, (decided in the sixth district,) (a)

(a) Decided at a general term held by Justices Campbell, Parker, Balcom and Mason, in Broome county, in January, 1865. The case was as follows:
"These actions were each upon a premium note or notes, given to the Union Insurance Company. The fourth defense was that Justus White, a former receiver of this company, assessed the notes to the entire amount, by which said notes became due, in thirty days after the filing the certificate of the assessment in the clerk's office. There was a demurrer to that defense, for insufficiency. At a special term, held by BALCOM, J. the demurrer was sustained, from which decision this appeal to the general term was taken by the defendants, respectively.

*J. E. Dewey*, for the appellants.

*Henry R. Mygatt*, for the respondent.

*By the Court*, MASON, J. This case comes before us on appeal from an order sustaining a demurrer to the fourth defense set up in the defendant's

Sands *v.* Sweet.

rather than the decision of *Campbell* v. *Adams*. I fully concur in the views expressed by the court in the former case, and regard the conclusion there arrived at as sound.

Order of special term affirmed, with ten dollars costs.

[CLINTON GENERAL TERM, July 12, 1865. *Bockes, James* and *Rosekrans,* Justices.]

answer, which defense in substance is that a prior receiver of this company, Justus White, had made a prior assessment in 1856, upon this same note, against the defendant, and that consequently the assessment relied upon in the complaint and made by the plaintiff in 1863, is invalid, and the plaintiff can not recover thereon. The counsel for the appellant relies upon the case of *Campbell* v. *Adams*, (38 *Barb.* 132,) as an authority, holding this second assessment which included the former assessment as invalid. I can not agree with the doctrine laid down in that case. The court say, in that case, the first assessment, if regular, is final against the defendant. That it is the nature of a judgment. (*See p.* 135.) This can not be so, for it is well settled that the receiver in making the assessment acts not in a judicial, but in a ministerial capacity, (*Bangs, receiver,* v. *Duckinfield,* 18 *N. Y. Rep.* 529;) and his assessment is by no means conclusive.

I am not able to see any well founded objections against allowing the second assessment to include the former. If the first assessment had for any cause failed to be effectual, then it is well held that the second assessment may embrace it. (*People's Mutual Insurance Company* v. *Allen,* 10 *Gray's R.* 301.) And if the first assessment was a legal and valid one, what harm can arise to the premium note maker in putting the amount of the first assessment into the second? certainly none; and if the first assessment was irregular or defective, for any cause, it certainly is but reasonable and just that the receiver should be allowed to make one that is, and when the court has authorized the receiver to make a second assessment, including the first, I can entertain no doubt it is valid and should be enforced. I concede that if there has been a regular assessment and notice given to the party, or a demand, so that the assessment can be regarded as due, and the receiver allows six years thereafter to elapse so that the statute of limitations shall have attached, then the receiver can not by making a new assessment revive the demand so as to prevent the operation of the statute of limitations. This point is argued by the appellant's counsel in his brief, and I assent to it wholly. The difficulty with the argument is, the point is not in the case. This fourth defense does not set up or insist on the statute of limitations at all. If the defendant had concluded this fourth defense with the allegation that more than six years had elapsed since the first assessment became due, insisting on the statute as a bar, then he should have judgment on this demurrer, but he has not done so, and the judge at special term was conse-