# SUPREME COURT.

## Corbin T. Bouton agt. Hiram M. Bouton.

Where, in an action in equity to settle the affairs of *partnership* between the plain-tiff and defendant, which had been dissolved by mutual consent, it was referred to a referee to hear and determine the issues, and report to the court, and being brought to trial some evidence was taken on the part of the plaintiff, and without the production or inspection of the books of the copartnership, the referee reported due the plaintiff $1,823 46, and directed judgment to be entered in his favor for $1,500, the amount demanded in the complaint with interest and costs, without containing any provision for a disposition of the partnership property, and judg-ment was entered accordingly, without an application to the court, as though the action had been at law for the recovery of a balance agreed upon or upon defend-ant's promise to pay a specific sum, and on execution issued to collect the same; there being no pretense that there had been a settlement between the parties, or that a balance had been agreed upon, or that the defendant had agreed to pay the plaintiff any amount:

*Held*, that the judgment be set aside for *irregularity*, and the cause sent back to the referee to be reheard by him, to the end that a complete determination may be made of the controversy between the parties, and the affairs of the partnership settled.

It is hardly conceivable that a referee could make an intelligent and reliable report, without an examination of the books of the copartnership.

It is difficult to perceive how it could be determined for what amount, if any, the the plaintiff should have a personal judgment against the defendant, until all the partnership affairs were settled.

After the partnership property has been converted into money, and the debts due the firm collected, and the indebtedness of the firm to third parties cancelled, the partner in whose favor a balance is declared, receives payment of the same out of the remaining partnership effects; and not until they are exhausted can a judgment be properly entered in favor of one partner against the other for a specific amount.

*Special Term, Troy, October,* 1870.

This is an action in equity, to settle the affairs of a partnership between the plaintiff and defendant, which has been dissolved by mutual consent. The action being at issue, was by the order of the court referred to a referee to hear and determine the issues and *report to the court*. The

cause was brought to trial before the referee, and some evidence was taken, on the part of the plaintiff, and without the production or inspection of the books of the copartnership, the referee reported due the plaintiff $1,823 46, and directed judgment to be entered in his favor for $1,500, the amount demanded in the complaint, with interest and costs, and judgment was entered accordingly, without an application to the court, and an execution was issued to collect the same. There is no pretense that there had been a settlement between the parties, or that a balance had been agreed upon, or that the defendent had agreed to pay the plaintiff any amount.

It appears that there are debts owing to and by, the firm, and some of its property is undisposed of, and neither the report of the referee, or the judgment entered thereon, provides for the collection of the debts due the firm, or the payment of those which are owing by such firm, nor is there any provision made for the sale of such property. This motion is made to set aside the judgment for irregularity, and to have the cause sent back to the referee, to be reheard by him, and to determine and report upon all the issues involved.

ESEK COWEN, *for motion.*
E. F. BULLARD, *opposed.*

INGALLS, J.—It is very clear that an action at law could not be maintained by the plaintiff against the defendant, as no balance was agreed upon, nor promise made by the defendant to pay any amount whatever. (*Pattison* agt. *Blanchard*, 6 *Barb.*, 537; *Gridley* agt. *Dole*, 4 *N. Y.*, 487; *Murray* agt. *Bogert*, 14 *Johns.*, 318; *Westerlo* agt. *Evertson*, 1 *Wend.*, 532.) The mere fact that one partner has advanced for the benefit of the business, an amount exceeding his share of the capital, will not justify such an action. *Williard's Equity Jurisprudence*, 727: the author re-

marks: "The advances of the copartners in their business may be greatly unequal, one may have loaned to the firm large sums of money, to enable it to sustain its operations; and may thus become largely the creditor of the firm. At law he can bring no action against his companions, nor against the firm, for he cannot sue himself. His remedy, therefore, is in equity, which looks to the substantial right of the parties without reference to the technical difficulties which the rigid rules of a court of law interpose to such an action." *Story on Partnerships, section* 348, the author says: "If any partner has made advances to the firm, and others have received advances from it, these do not constitute debts, strictly speaking, until the concern is wound up; but only as items in the account between the partners." As this action has resulted, the affairs of the partnership remain substantially as they were when the action was commenced. No account has been stated, based upon an examination of the books, nor does the report of the referee, or the judgment entered thereon, provide for a disposition of the partnership property; or the collection of the debts due the firm, or the payment of its indebtedness. All that has been accomplished is the entry of a judgment against the defendant for a sum of money, as though the action had been at law for the recovery of a balance agreed upon, or upon a promise of the defendant to pay a specified sum.

In adjusting the affairs of a partnership, an inspection of the books is almost, if not quite indispensible, because they should, and are supposed to contain a correct statement of the transactions of such copartnership, as well between the members thereof, as with third parties. It is hardly conceivable that a referee could make an intelligent and reliable report without an examination of such books. It is insisted by the plaintiff, that the defendant should have produced the books, and having failed to do so, has no substantial ground of complaint. The books were equally

within the reach, and under the control of the plaintiff, who was primarily the moving party, and should have seen that the referee was furnished with the evidence which was necessary to enable him to make a proper disposition of the cause, by determining all the material issues involved therein. It is difficult to perceive how it could be determined, for what amount, if any, the plaintiff should have a personal judgment against the defendant, until all the partnership affairs were settled. After the partnership property has been converted into money, and the debts due the firm collected, and the indebtedness of the firm to third parties canceled, the partner in whose favor a balance is declared, receives payment of the same out of the remaining partnership effects—and not until they are exhausted, can a judgment be properly entered in favor of one partner against the other for a specified amount. It is obvious that the real purpose of this action has not been attained, as it has failed to wind up and settle the concerns of the copartnership. I am convinced that the defects in the proceedings are so radical, that the report and the judgment entered thereon, should be opened or set aside for irregularity, and the cause sent back to the referee to be reheard by him, to the end that a complete determination may be made of the controversy between the parties, and the affairs of the partnership settled. Suppose, in an action for the partition of real property, an order of reference be entered referring it to a referee to hear and determine all the issues, and report to the court, and the referee should merely direct a judgment for a certain amount in favor of one party against the other, without providing for a sale or division of the land, or determining anything in regard to its situation or value, or the rights of the respective parties, and judgment should be entered without application to the court, I apprehend it would be set aside at once, on motion, for irregularity. Such is the peculiar nature of the action which we are considering, and the interests involved,

Bouton agt. Bouton.

that it is very proper, if not entirely indispensable, that the referee should ascertain and report to the court the state of the accounts between the firm and those with whom it has had dealings, and also between the partners—and also in regard to property and effects of such copartnership, and leave it for the court to make such a disposition of the cause, as it should deem proper. It is quite probable that such report, would exhibit a state of facts which would require an interlocutory order instead of a final judgment. The appointment of a receiver might be necessary.

I conclude that a proper disposition of this action, with a view to accomplish substantial justice between the parties, requires that the judgment, and the report be opened or set aside, and the cause sent back to the referee to rehear the same, and report to the court, upon all the issues involved in the action. I am satisfied that such relief, can with propriety, be granted on motion, as a question of irregularity is involved. (*Trufant* agt. *Merrill*, 37 *How.*, 531; *Bates* agt. *Brady*, 8 *How.*, 216; *Bennett* agt. *Couchman*, 48 *Barb.*, 74, 84; *Van Steenburgh* agt. *Hoffman*, 6 *How.*, 492; *Hulce* agt. *Sherman*, 13 *How.*, 411; *Campbell* agt. *Adams*, 38 *Barb.*, 132; *Kapp* agt. *Barthan*, 1 *E. D. S.*, 622.) As it is insisted by the plaintiff that he might be prejudiced by losing the security of the judgment, I am inclined to allow the same to remain as security, and for no other purpose, but not to be enforced until the final disposition of the action, and then subject to the further direction of the court. All the costs, together with $10 costs of this motion, to abide the event of the action.