(26 Misc. Rep. 311.)

REGENER v. PHILLIPS.

(Supreme Court, Trial Term, New York County. February 14, 1899.)

1. MUTUAL INSURANCE—RECEIVERS—REINSURED LOSSES—LIABILITY OF MAKER OF CAPITAL STOCK NOTE.
    The maker of a capital stock note to a mutual insurance corporation is chargeable with reinsured losses, where the companies which reinsured the corporation are insolvent, since their failure did not relieve the corporation of its liability to its policy holders.

2. SAME—ASSESSMENTS.
    Where losses on policies were incurred, and had been ascertained in accordance with the insurance law (2 Rev. St. [9th Ed.] p. 1179, § 116), and adjusted by the officers of a mutual company, before the appointment of a receiver, they are so fixed as to justify the receiver's including them in assessments against the makers of capital stock notes.

3. SAME—UNEARNED PREMIUMS.
    Where the charter and by-laws of a mutual insurance company exclude from membership all policy holders who are not makers of capital stock notes, a policy holder who pays a cash premium is entitled to a return of unearned premiums on a canceled policy; and a receiver of such a company may assess the makers of capital stock notes for the payment of such premiums.

Action by Louis C. Regener, receiver of the Equitable Mutual Fire Insurance Corporation of New York, against Ward Phillips, to recover

an assessment levied upon a capital stock note executed by defendant on the organization of the corporation. Judgment for plaintiff.

Wallach & Cook, for plaintiff.

Foley & Wray, for defendant.

McADAM, J. Plaintiff, as the receiver appointed by the court in the sequestration proceedings against the Equitable Mutual Life Insurance Corporation of New York, succeeded to the rights of the directors, including their power to levy assessments upon the capital stock notes of the corporation. Shaughnessy v. Insurance Co., 21 Barb. 605; Williams v. Babcock, 25 Barb. 109; Sands v. Hill, 42 Barb. 651; Laws 1852, c. 71, § 2. The authority does not depend upon the order of the court, but upon the existence of facts which render an assessment necessary and proper. Thomas v. Whallon, 31 Barb., at page 177. The receiver derived his power under the statute and the orders appointing him. These made him the successor of all the rights and powers of the directors, the only check upon him being that the assessment must be based upon facts which are true. He fixed the amount of the assessment at 60 per cent. of the face value of the notes, and the defendant claims that such assessment is grossly excessive, because based upon what he has pleased to term such an erroneous calculation of liabilities as to make the assessment illegal and unenforceable, under the principles decided in White v. Haight, 16 N. Y., at page 321; Cooper v. Shaver, 41 Barb. 151; and kindred cases. The defendant specifically objects:

1. To the item for reinsured losses. This was clearly chargeable, because the companies which reinsured the risks of the Equitable became insolvent and unable to respond in any amount. Their unperformed and unenforceable undertakings in no manner relieved the company, represented by the receiver, from the obligation it had assumed to its policy holders, to whom it was primarily liable to pay.

2. That certain losses were charged that should not have been so charged until they had been finally determined and fixed. The proofs show that these losses had been ascertained according to section 116 of the insurance law (2 Rev. St. [9th Ed.] p. 1179), and were therefore fixed and certain for all legal purposes. They had all been incurred before the appointment of the receiver, and had been adjusted by the officers of the company, according to the custom of fire adjustments. These losses amounted to $63,463.11, of which $37,000 were represented by judgments, which judicially determined the extent of the liability. No substantial defense existed in any of the cases, and the receiver was under no obligation to interpose technical pleas for delay, and had no power to prevent judgments therein. Sands v. Hill, supra. As to the losses not in judgment, the receiver was bound by the act of the company unless prepared to show that a particular loss was fictitious and fraudulent, and no instance of that character has been discovered. The determinations of the company or its receiver in allowing such claims are prima facie binding upon the members. Sands v. Kimbark, 27 N. Y. 147; Sands v. Hill, 42 Barb. 651.

3. That the assessment included $17,000 for unearned premiums upon policies canceled. The defendant claims that this charge is ille-

gal, upon the theory that premiums received in cash, in lieu of notes, for a mutual policy, belong to the corporation, and cannot be withdrawn, whether earned or unearned. This objection is untenable. The Equitable Mutual Insurance Corporation consisted of 400 members. Persons effecting insurance in it on a cash basis were not members. The charter and by-laws exclude from membership all policy holders who are not makers of the outstanding capital stock notes of the corporation. The contract between the Equitable Mutual and those who insured in it on the all cash plan had no mutual feature. By it the insured acquired no voice in its management, no interest in its profits, and assumed no liability for its losses. In these and other respects, hereinafter commented upon, the case differs from Mygatt v. Insurance Co., 21 N. Y. 52, and White v. Haven, 20 How. Prac. 177, relied on by the defendant, and resembles In re Minneapolis Mut. Fire Ins. Co., 49 Minn. 291, 51 N. W. 921, wherein the court held that the premium notes constitute a contingent fund for the benefit of creditors, and may be resorted to, if necessary, to pay the unearned premiums on policies of simple insurance, whose holders sustain no other relation to the corporation than those of parties who had contracted with it. Another distinguishing feature is that by section 122 of the insurance law, applicable to cash-paid premiums to mutual as well as stock companies, it is provided that:

"Any corporation, person, company, or association transacting the business of fire insurance in this state shall cancel any policy of insurance upon the request of the insured or his legal representatives, and shall return to him, or to such representative, the amount of premium paid, less the customary short rate premium for the expired time of the full term for which the policy has been issued or renewed, notwithstanding anything in the policy to the contrary," etc.

The standard form of policy contains a similar provision, and the use of this form is required by statute (Laws 1886, c. 488). Richards, Ins. (2d Ed.) at page 586. The company had ceased to do business five months before it went into the hands of the receiver, and when he assumed charge there remained but few policies uncanceled. The authority of the receiver to cancel those policies that remained outstanding will be found in section 123 of the insurance law. All the parties in interest have properly acted on the assumption that the provisions of the insurance law in regard to unearned premiums do not apply to capital stock note makers. None of them has, therefore, made claim to an unearned premium, and there is no such item among the liabilities upon which the assessment has been levied. No facts have been shown which impeach the validity of the assessment, which seems to have been conscientiously and fairly imposed. The defendant, as well as the other stock-note makers, had due notice of the assessment, and the figures were open to their inspection, and no effort was made before the trial to correct any alleged injustice in it, by application to the court or otherwise. See Bangs v. McIntosh, 23 Barb. 591, 602. The receiver is an officer of the court, and upon him devolves the duty of determining, for the information of the court and the benefit of creditors, what liabilities exist against the corporation he represents, and what amount in assessments is required to dis-

charge such liabilities. He should be allowed some judicial discretion in the matter, and, while his ex parte determination is not conclusive against the note makers (Sands v. Kimbark, 27 N. Y., at page 153; Cuykendall v. Corning, 88 N. Y. 129), his assessment should be sanctioned and upheld, unless items appear therein which are clearly illegal, or it is in some substantial respect unjust and oppressive to those affected by it. The assessment by the receiver is, in this instance, open to no such criticism. "There is no necessity for a receiver to prove all the facts upon which he or the company allowed the losses for which the assessment was made. All he is required to show is that sufficient claims for losses have been presented to the company, or to him, which he allowed, to make up the sum for which he assessed the notes." Sands v. Hill, supra. The assessment made herein is sanctioned, and its validity sustained.

The other questions involved having been already decided adversely to the defendant's contention (Raegener v. McDougall, 33 App. Div. 231, 53 N. Y. Supp. 484; Same v. Hubbard [Sup.] 56 N. Y. Supp. 173), there must be judgment for the plaintiff for the amount claimed, with costs.