commission, and the object is to prevent surprise on the trial. The defendants do not, in our view of the case, present any substantial or well-founded reason for interfering with the result reached at special term, and the order appealed from should therefore be affirmed, with costs. Order affirmed, with costs.

HASCALL and O'DWYER, JJ., concur.

---

O'CONNELL, Appellant, v. CLARK et al., Respondents. (Supreme Court, Appellate Division, Second Department. October 11, 1901.) Action by James O'Connell against John T. Clark and another. No opinion. Order affirmed, with $10 costs and disbursements.

---

In re O'HARA. (Supreme Court, Appellate Division, Fourth Department. October 1, 1901.) In the matter of the application of John B. O'Hara for a writ of mandamus. No opinion. Motion to modify order (71 N. Y. Supp. 613) by striking out the provision awarding costs, and providing that the application for writ of mandamus be denied, without costs, granted.

---

O'NEIL, Appellant, v. NEW YORK, C. & ST. L. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. October 8, 1901.) Action by Joseph J. O'Neil, by James O'Neil, his guardian ad litem, against the New York, Chicago & St. Louis Railroad Company. No opinion. Judgment affirmed, with costs.

RUMSEY, J., not sitting.

---

O'NEIL, Appellant, v. PRUDENTIAL INS. CO., Respondent. (Supreme Court, Appellate Division, Second Department. October 18, 1901.) Action by Mary E. O'Neil against the Prudential Insurance Company. No opinion. Judgment of the municipal court affirmed, with costs.

---

PALMER, Appellant, v. DURAND, Respondent. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by William D. Palmer against Marie Durand. No opinion. Motion denied.

---

PARMENTER et al., Respondents, v. GENET, Appellant. (Supreme Court, Appellate Division, Third Department. September 13, 1901.) Action by Roswell A. Parmenter and Franklin J. Parmenter against George C. Genet. No opinion. Order affirmed, with $10 costs and disbursements.

---

PASHKOWSKY, Respondent, v. DISKIN et al., Appellants. (Supreme Court, Appellate Term. June, 1901.) Action by Israel Pashkowsky against Julius Diskin and Morris Bergin. Manheim & Manheim, for appellants. Elias Rosenthal, for respondent.

PER CURIAM. The plaintiff's own version of the transaction between himself and defendants does not justify a judgment in an action for conversion, nor is the judgment as rendered appropriate in such an action. Judgment reversed, and new trial ordered, with costs to abide event.

---

PATCHEN, Appellant, v. PRESIDENT, ETC., OF DELAWARE & H. CANAL CO., Respondents. (Supreme Court, Appellate Division, Third Department. September 13, 1901.) Action by Francelia O. Patchen against the president, etc., of the Delaware & Hudson Canal Company. No opinion. Order staying proceedings affirmed, with $10 costs and disbursements.

SMITH, J., not voting.

---

PATCHEN, Appellant, v. PRESIDENT, ETC., OF DELAWARE & H. CANAL CO., et al., Respondents. (Supreme Court, Appellate Division, Third Department. September 13, 1901.) Action by Francelia O. Patchen, against the president, etc., of the Delaware & Hudson Canal Company, impleaded, etc.

PER CURIAM. Order of June 8, 1901, affirmed, with $10 costs and disbursements. All concur, except SMITH, J., who dissents.

---

PATRONS OF INDUSTRY FIRE INS. CO., Appellant, v. DELONG, Respondent. (Supreme Court, Appellate Division, Third Department. September 4, 1901.) Action by the Patrons of Industry Fire Insurance Company against George W. J. Delong. No opinion. Judgment unanimously affirmed, with costs, upon opinion of CHASE, J., in Patrons of Industry Fire Ins. Co. v. Harwood (Sup.) 72 N. Y. Supp. 8.

---

PATTERSON, Appellant, v. TREADWELL, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by C. Venton Patterson against Frances J. Treadwell. George P. Breckenridge, for appellant. Louis Frankel, for respondent.

PER CURIAM. There were four causes of action,—for work, labor, and services; balance due upon a contract; money paid out; and rent. The answer was payment, and was amended by adding accord and satisfaction. At the close of the testimony the learned trial judge said: "I hold that there was an accord and satisfaction as appears from Plaintiff's Exhibit No. 10." By an examination of the Plaintiff's Exhibit No. 10, we find that it was an agreement between the plaintiff and the defendant, by the terms of which the plaintiff accepted the surrender of the laundry for the unexpired term of the defendant's lease upon certain terms regarding the payment of past rent and other things, to which the defendant agreed. As the action was in part for the rent past due, it is difficult to see how the agreement can be an accord and satisfaction. Judgment reversed, and new trial ordered, with costs to abide event.

---

PEOPLE, Respondent, v. FUCHS, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 18, 1901.) Pro-

ceeding by the people of the state of New York against Charles Fuchs.

PER CURIAM. Judgment and conviction reversed, and new trial ordered in the county court. *Held*, that the evidence connecting the defendant with the crime charged is insufficient. All concur, except ADAMS, P. J., and WILLIAMS, J., who dissent.

PEOPLE v. GRANITE STATE PROVIDENT ASS'N. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Proceeding by the people of the state of New York against the Granite State Provident Association.

PER CURIAM. This application is nothing more or less than a proposition to hand over to the New Hampshire assignee, without security, the special fund for the benefit of the New York stockholders, which this court and the court of appeals have decided should not be paid to said assignee unless he gave security in a sum equal to double the amount. Motion denied.

PEOPLE, Appellants, v. GUHL, Respondent. (Supreme Court, Appellate Division, Fourth Department. October 1, 1901.) Proceeding by the people of the state of New York against Herman F. Guhl. No opinion. Judgment and order affirmed, with costs.

RUMSEY, J., not sitting.

PEOPLE v. KELLER. (Supreme Court, Special Term, Herkimer County. May, 1901.) Proceeding by the people of the state of New York against Elias Keller. P. H. McEvoy, for the People. Richard Hurley, for defendant.

HISCOCK, J. Defendant's motion for a retaxation of plaintiff's costs herein, striking out certain disbursements in excess of the amount of $25 taxed by him as costs, is granted with $10 costs of motion. Section 3256, Code, makes certain disbursements like those taxed by plaintiff herein part of the costs which a party may tax. Section 3228 provides that in an action like this, upon a recovery of any amount less than $50 (in this case $25), the successful party may not tax costs to exceed the amount recovered. The provisions together mean that he may not tax all costs, including disbursements, in excess of the amount provided. Motion granted, with $10 costs.

PEOPLE, Respondents, v. MILLER, Appellant. (Supreme Court, Appellate Division, Second Department. October 21, 1901.) Proceeding by the people of the state of New York against William F. Miller. No opinion. Order resettled and signed.

PEOPLE, Appellants, v. MUTUAL BREWING CO., Respondent. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Proceeding by the people of the state of New York against the Mutual Brewing Company. No opinion. Reargument ordered for October 10, 1901.

PEOPLE ex rel. GUERNSEY, Appellant, v. PIERSON et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. October 1, 1901.) Proceeding by the people of the state of New York, on the relation of E. Brayton Guernsey, against Henry B. Pierson and others. No opinion. Order (71 N. Y. Supp. 993) affirmed, with costs.

RUMSEY, J., not sitting.

PEOPLE ex rel. HART v. YORK et al. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Proceeding by the people of the state of New York, on the relation of William A. Hart, against Bernard J. York and others, commissioners. No opinion. Application granted upon relator stipulating not to claim back salary.

PEOPLE ex rel. McHARG et al., Appellants, v. GAUS et al., Respondents. (Supreme Court, Appellate Division, Third Department. September 4, 1901.) Proceeding by the people of the state of New York, on the relation of Henry K. McHarg and others, executors, etc., of Joshua Howard King, deceased, against Charles H. Gaus and others, constituting the board of assessors of the city of Albany. No opinion. Order affirmed, without costs.

PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO. v. PRIEST et al. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Proceeding by the people of the state of New York, on the relation of the New York Central & Hudson River Railroad Company, against George E. Priest and others, commissioners. No opinion. Motion for resettlement granted. See 71 N. Y. Supp. 390.

PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO. v. PRIEST et al. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Proceeding by the people of the state of New York, on the relation of the New York Central & Hudson River Railroad Company, against George E. Priest and others, commissioners. No opinion. Motion for leave to appeal to the court of appeals granted. Questions certified.

PEOPLE ex rel. WARD et al., Respondents, v. FEITNER et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 23, 1901.) Proceeding by the people of the state of New York, on the relation of Jessie L. Ward and Anna L. Judson, against Thomas L. Feitner and another, as commissioners, etc. No opinion. Motion granted and order resettled.

PEOPLE ex rel. WATSON v. VOORHIS et al. (Supreme Court, Appellate Division, Second Department. October 23, 1901.) Proceeding by the people of the state of New York, on the relation of William Watson, against John R. Voorhis, president, and others, composing the board of elections of the city of New York. No opinion. Order modified and signed.