LEILA O. HENRIQUES and MARY A. MASON, Appellants, *v.* JOHN W. STERLING and THE CENTRAL TRUST COMPANY, as Executors and Trustees, etc., of MIRIAM A. OSBORN, Deceased, Respondents, Impleaded with Others. (Nos. 1 and 2.)

*Will — void gifts to benevolent societies — a son, the residuary devisee and legatee, prevented by the will from taking them — he takes them as heir at law — rule of construction of a will — dismissal of an action for want of prosecution.*

A testatrix left a son, who was her only heir at law, and gave by her will certain property to benevolent societies, which gifts, being in violation of the statute upon that subject, were consequently invalid. The son was named as a devisee and legatee as to some part of the residuary estate, but his right to take

was so conditioned by the will that he could not take under the residuary clause the property thus attempted to be given to the benevolent societies.

*Held,* that the son being disqualified to take as residuary legatee, the testatrix died intestate as to such property given to the benevolent societies, and that the son took such property as her heir at law;

That, while the void provisions of a will may be resorted to for the purpose of ascertaining the intention of the testator with reference to the right of any person to take under other provisions of the will, they cannot be resorted to for the purpose of preventing the operation of the Statute of Descents and to substitute collateral for direct heirship.

A passive attitude for a year and a half, during which time the plaintiffs have shown no diligence in attempting to serve the summons upon necessary defendants whom it was possible to serve, justifies a dismissal of a complaint.

APPEAL by the plaintiffs, Leila O. Henriques and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of November, 1897, dismissing the complaint, and also from an order entered in said clerk's office on the 7th day of December, 1897, denying the plaintiff's motion to resettle or vacate the first-mentioned order, and dismissing the complaint upon the merits.

*Delos McCurdy,* for the appellants.

*John E. Parsons,* for the respondents.

PATTERSON, J.:

These are appeals by the plaintiffs from two orders made at the Special Term and they may be considered together. By the first order the complaint was dismissed on the ground that the plaintiffs had wholly and unreasonably neglected to serve or attempt to serve the summons and complaint on defendants who were necessary parties to a complete determination of the matter in controversy, and that no substantial excuse had been presented for such neglect. The contents of the affidavits used upon this motion fully justified the court in making the order appealed from, and it is unnecessary to add anything to the opinion written by Mr. Justice RUSSELL* in deciding that motion.

---

* RUSSELL, J.:

On the 18th day of January, 1896, this action was begun by the service of a summons on one of the defendants. Within two months thereafter, for aught

The second order appealed from was made upon a denial of a motion of the plaintiffs, which, in substance, was one for relief from the order of the Special Term last considered.   The second motion

that appears upon the papers before the court on this motion, that summons might have been served on all of the defendants necessary to a complete determination of this controversy by using the remedies afforded by law in case a personal service could not be obtained.   On the 18th of September, 1897, the present motion was noticed for September 27, 1897, to dismiss the complaint as against the executors and trustees of the last will and testament of Miriam A. Osborn, deceased, on the ground that the plaintiffs have unreasonably neglected to serve the summons upon the three other defendants, without whose presence a complete determination of the controversy cannot be had.   No substantial excuse is presented for the failure to proceed with diligence to serve these defendants, and such efforts as were made, as displayed by the answering affidavits, were neither timely nor effective.   So far, therefore, as the court has an opportunity to view the situation from the moving and answering papers, a fair inference might be found that the plaintiffs do not care to press the action to trial in order to obtain the rights asked for, either because of some reasons for delaying, not apparent to the court, or because of a belief that the plaintiffs cannot succeed upon the trial.   This latter inference may, perhaps, be drawn from the situation of the cause of action set forth in the amended complaint.   The action concerns a large amount of property, and the complaint asks for the setting aside of the will of Mrs. Osborn and the partition of the real estate.   Mrs. Osborn died in March, 1891, leaving as her sole heir at law Howell Osborn, who deceased in 1895. By the will of Howell Osborn, executed January 8, 1894, his entire estate was disposed of to persons other than the plaintiffs, and this will was duly probated, and also confirmed by judgment of this court June 11, 1897, in an action in which these plaintiffs were parties defendant, and in which the plaintiffs here were enjoined from bringing or maintaining any action or proceedings, or interposing or maintaining any defense in any action or proceeding based upon the claim that the said will was not the last will and testament of the said Howell Osborn, deceased.   No suggestion was made upon the argument that any provision of the will of Howell Osborn was ineffective or void, so that any portion of his estate would go into intestacy.   And thus it appears that any intestate property of Mrs. Osborn, in case her will or any part of it should be set aside or held ineffective, would go to persons other than the plaintiffs.   It is the duty of the executors of Mrs. Osborn's will to proceed to settle her estate and carry out her wishes under the trust imposed upon them.   It is the right of the beneficiaries under her will to receive those benefits, unless deprived by legal causes.   The incubus of a litigation, maintained simply in a passive attitude for a year and a half by persons apparently not entitled in any event to a portion of her estate, should not be suffered to remain as a quasi injunction against the executors and trustees, restraining them from discharging their trusts, or as a cloud upon the rights of the beneficiaries to receive and enjoy the bounties of the testatrix.   The motion to dismiss the complaint is, therefore, granted, with costs.

was made in form for a resettlement of the first order, or to vacate and set aside that order.   It becomes necessary, in disposing of the appeal from this second order, to advert to the situation of the parties and the facts which were made to appear to the court on that motion.   The action was brought in partition, the plaintiffs claiming to be heirs at law of Miriam A. Osborn, deceased.   Mrs. Osborn left a last will and testament, of which the defendants, John W. Sterling and the Central Trust Company of New York, were executors, and under which they were trustees.   Associated with them as defendants were, among others, Henrietta Trowbridge, an infant, the Miriam Osborn Memorial-Home Association and the President and Fellows of Yale College in New Haven, legatees of the testatrix.   The purpose of the action evidently was to try title, as that may now be done in a partition suit under the provisions of the Code of Civil Procedure.   The rights of the plaintiffs, according to the allegations of the complaint, are based altogether upon the claim that the will of Mrs. Osborn was procured by fraud and undue influence, or that some of its provisions were invalid.   It appeared by the affidavits that the complaint had been dismissed because of the failure of the plaintiffs after many months of delay to serve Miss Trowbridge and the two corporations named with the summons.   After the first order was made, Miss Trowbridge was served with the summons, the Osborn Memorial Association voluntarily appeared, and a gentleman connected with Yale College was served with the summons in the city of New York.   There was nothing whatever to show that two of those parties could not have been served in the way in which service was eventually made upon them at any time during the interval between the beginning of the suit and the making of the original motion to dismiss the complaint, or that the voluntary appearance of the Osborn Memorial Association could not have been procured upon application during that interval.   The fact of the service under such circumstances only seems to emphasize the neglect, because of which the action was dismissed.   But notwithstanding that, if it had been made to appear to the court below that there were merits in the plaintiffs' cause of action, and that they had rights and interests to be protected, they should have been relieved from the consequences of the neglect upon fitting terms.

But we do not find such merits in the plaintiffs' claim as would justify a reversal of this order. The whole scheme of the plaintiffs' action is that, by reason of the alleged invalidity of Mrs. Osborn's will, she died, in reality, intestate, and that the plaintiffs are her heirs at law. It appears upon the face of the complaint that they are not her heirs at law. She left a son, Howell Osborn, her surviving, and he was her only heir at law, and the descent was cast upon him. The plaintiffs are the sisters of Mrs. Osborn. If the will were entirely invalid and void, he would take under the statute.

It is claimed, however, that the plaintiffs' action is not based exclusively upon the allegation that the whole will was invalid and void, but that there are averments contained in the amended complaint sufficient to support the action, even in case the will were valid. It is set forth in the 9th paragraph of the amended complaint that certain provisions of the will of Mrs. Osborn are illegal and in contravention of a law of this State which prohibits a person leaving a surviving child from devising or bequeathing more than one-half of her estate in trust, or otherwise, to benevolent, charitable, literary, scientific, religious or missionary societies, associations or corporations; and it is also averred that, by the terms and provisions of the pretended will of Mrs. Osborn, and notwithstanding the fact that, at the time of the alleged execution of such pretended will and at the time of her death, she had a son living, she was made by the will to devise and bequeath more than one-half of her estate in trust to benevolent societies contrary to the statute in such case made and provided. The claim is that, by virtue of that allegation of the complaint, there was an invalid disposition shown to have been made of a certain portion of her estate, which, if the will were otherwise valid, would fall into the residuary estate, and that Howell Osborn, the son, could not take under the residuary clause of the will, because, although he is therein named as a devisee and legatee of some part of the residuary estate, his right to take was made conditional upon certain things; that these conditions did not exist or were not complied with, and that, therefore, he was not able to take; and that necessarily it must follow that, he being excluded, the plaintiffs are the heirs at law entitled to take, and hence to maintain this action. The attitude of the plaintiffs, therefore, is that Howell Osborn being excluded from taking

any of the residuary estate into which the unlawfully devised realty fell, that portion which would have passed to him but for the inhibitory provision of that residuary clause goes to the plaintiffs. This contention is not maintainable. Under the residuary clause (Howell Osborn being excluded) the whole estate by the terms of the will, if those terms were enforcible, would go, subject to certain conditions, to benevolent societies. But they cannot take, and there is intestacy, therefore, as to the portion which they are disabled from taking. The statute then vests the title to that portion. The direct heir, lineal descendant, becomes seized at the death of the ancestor. While the void provisions of a will may be resorted to for the purpose of ascertaining the intention of the testator with reference to the right of any person to take under other provisions of the will, no authority has been cited or principle suggested by which they can be resorted to for the purpose of preventing the operation of the Statute of Descents and to substitute collateral for direct heirship. There being intestacy as to the unlawfully devised realty, it descended to Howell Osborn, and the plaintiffs have no claim to it as heirs at law.

We think, therefore, that the second order appealed from was also rightly made and that both orders must be affirmed, with costs.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and MCLAUGHLIN, JJ., concurred.

Order dismissing complaint affirmed, with costs. Order denying resettlement affirmed, with costs.