Reiners agt. Brandhorst.

---

## NEW YORK SUPREME COURT.

WILLEMINE L. L. REINERS agt. FREDERICK BRANDHORST and others.

*Demurrer to complaint.*

A subsequent separate cause of action cannot be upheld by allegations contained in a preceding one unless they are connected therewith by proper averments.

*Victory Webb, &c., Manufacturing Company* agt. *Beecher* (55 *How. P. R.*, 193) applied.

Where a plaintiff, in her complaint, averred that she "*is the only heir at law of the deceased,*" and as such is entitled to certain property of the deceased, but it was not alleged that the deceased died intestate, or what issue, if any, he left him surviving, or how her claim as sole heir at law arose:

*Held*, on demurrer, that the averment was a conclusion of law and not the allegation of a fact, and that, for such reason, the complaint was defective in substance.

*Special Term, October, 1879.*

*J. H. Whitelegge,* for demurrer.

*A. M. & G. Card,* opposed.

VAN VORST, *J.* — The plaintiff, in her first cause of action, alleges that on or about the 28th day of December, 1875, one Henry A. Henken died in the city of New York leaving certain real estate. She further "alleges, on information and belief, that she, according to the laws of New York, is the only heir at law of the said deceased," and was, " as such heir at law," on the death of Henken, entitled to the property and the rents, issues and profits thereof. In the first cause of action the complaint alleges that two of the defendants have taken possession of the property and converted it to their own use.

In the second cause of action it is claimed that two of the defendants, other than those mentioned in the first cause of action, have received portions of the proceeds of this property realized on a sale thereof, they claiming to be heirs at law of the deceased. The plaintiff, however, alleges that such defendants are not the heirs at law of the deceased. It is these latter defendants who have demurred to the complaint, upon the ground that the same does not state facts sufficient to create a cause of action in plaintiff's favor.

If the complaint be regarded as in fact attempting to set up different causes of action, as it purports by its language to do, then the second cause is defective in not setting up the facts out of which the plaintiff's right to relief arises.

Each separate cause of action must be complete in itself and contain everything that is essential to be stated to show the plaintiff's right to relief ( *Victory Webb, &c., Manufacturing Co.* agt. *Beecher,* 55 *How. P. R.,* 193; *Anderson* agt. *Speers,* 58 *How. P. R.,* 68).

A subsequent separate cause of action cannot be upheld by allegations contained in a preceding one unless they are connected therewith by proper averments. But whether the

complaint be regarded as setting up two or only one cause of action it is defective in substance.

The plaintiff says that she "is the only heir at law of the deceased," and as such is entitled to the property and the rents thereof. It is not stated that the deceased died intestate, or what issue, if any, he left him surviving, nor how her claim as sole heir at law arises.

An averment that one is the sole heir at law, under the laws of New York, of a deceased person is a conclusion of law and not a fact. The facts, out of which such claim arises, should be stated in a pleading, and the heir at law cannot claim unless there was no valid testamentary disposition made by the deceased, in which case the fact of· intestacy should be pleaded.

The demurrers are well taken, and there must be judgment for defendants with leave to plaintiff to amend, on terms.