Charles T. Mitchell et al., Respondents, *v.* Mary A. W. Thorne, Appellant.

Upon a demurrer to a complaint on the ground that there is a defect of parties, plaintiff or defendant, the particular defect relied on must be specifically pointed out.

A demurrer can only be interposed to a complaint for defects appearing on its face.

Where, therefore, plaintiff claims as heir at law of a deceased person, a demurrer on the ground that other heirs are not made parties, is not sustainable unless it appears by the complaint that there are other heirs.

The heirs of a decedent at whose grave a monument has been erected, or the person who rightfully erected it, can recover damages from one who wrongfully injures or removes it, or, by an injunction, may restrain one who, without right, threatens to injure or remove it, although title to the ground is in another.

Where a right of way to and a right to maintain a cemetery lot for burial purposes are held in common by several persons, any one or more of them may maintain an action to prevent by injunction the interruption or destruction of those rights, without making the others parties.

*It seems* that where such an action is brought, and all the tenants in common are not parties plaintiff, damages sustained by each of the

plaintiffs, if any, cannot be recovered, but where all are parties, any damages arising from an injury to their common interests are recoverable. In an action to restrain defendant from removing the gravestones and otherwise interfering with a certain cemetery lot and for damages, the complaint alleged that the father of the plaintiffs, with his brothers and sisters, owned as tenants in common a farm upon which was said lot, wherein the ancestors and collateral relatives of the plaintiff had from time to time been buried and their graves marked by mounds and memorial stones; that said tenants in common conveyed said farm to T., "excepting and reserving the right of interment" in said lot "and also a right of way to the same, to all the grantors of this deed and to their heir or heirs forever;" that plaintiffs' father and all the grantors in said deed "are now deceased and the easement or right of family interment or burial reserved in said farm or land has descended to plaintiffs as heirs at law of the grantors;" that defendant is the owner and in possession of said farm, subject to said reservation and exception, and that she had removed part of the fence inclosing the burial lot, destroyed some of the stones, graded away and obliterated the mounds and refused plaintiff a right of way to and from said lot and threatens by grading and leveling to destroy it as a burial place.   *Held*, that a demurrer to the complaint on the ground that it did not state facts constituting a cause of action could not be sustained.

Reported below, 57 Hun, 405.

(Argued June, 15, 1892; decided October 1, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 18, 1890, which reversed a judgment in favor of defendant entered upon an order sustaining a demurrer to plaintiff's complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John M. Perry* for appellant.

*A. N. Weller* for respondents.

FOLLETT, Ch. J.   It is alleged in the complaint that the father of the plaintiffs, together with his brothers and sisters, owned as tenants in common a farm of two hundred acres, a small portion of which had been laid out and inclosed as a family burial ground, wherein the ancestors and collateral

relatives of the plaintiffs have been buried from time to time and their graves marked by the usual mounds and appropriate memorial stones.

It is further alleged that these tenants conveyed the farm to R. V. W. Thorne, by a deed which contains the following language : " Excepting and reserving the right of interment in the ground laid off for that purpose in the land hereby conveyed, and also a right' of way to the same, to all the grantors of this deed, and to their heir or heirs forever."

It is further alleged : " That plaintiff's said father and all the grantors in said deed to the said R. V. W. Thorne are now deceased, and the easement or right of family interment or burial reserved in said farm or land has descended to plaintiffs as heirs at law of the grantors in said deed."

It is also averred that the defendant is the owner and in possession of the farm, subject to said reservation and exception under mesne conveyances, deriving her title ultimately from said R. V. W. Thorne, and that she has removed a part of the fence inclosing the burial ground, destroyed some of the gravestones marking the graves of the ancestors and relatives of the plaintiffs, graded away the mounds of the graves and obliterated all traces of them, and refuses a right of way to the plaintiffs to and from said ground, and threatens, by grading and leveling it, to destroy said burial place.

The plaintiffs demand a judgment restraining the defendant from removing the gravestones, grading the grounds, destroying and obliterating the graves, and also for damages.

To this complaint the defendant demurred on the grounds : 1. That the complaint does not state facts sufficient to constitute a cause of action.

11. That there is a defect of parties, because it is not alleged that all of the heirs of all the grantors, in whose favor the reservation hereinbefore mentioned was made, are plaintiffs or defendants.

The second ground of demurrer, requiring but little consideration, may well be first determined.

When a demurrer to a complaint is based on the sixth ground specified in the 488th section of the Code of Civil Procedure, "that there is a defect in parties plaintiff or defendant," the particular defect relied on must be pointed out specifically by the demurrer. (Code C. P. § 490; *Dodge* v. *Colby*, 108 N. Y. 453; Story's Eq. Pldg. §§ 236, 238, 543.) The only defect under this subdivision pointed out by the demurrer is: "That the heirs at law of the father of the plaintiffs and of the other grantors in the deed to R. V. W. Thorne, mentioned in the complaint, are not, except the plaintiffs herein themselves, made parties plaintiff nor parties defendant." The answer to this ground of demurrer is that it does not appear on the face of the complaint that the father of the plaintiffs and his brothers and sisters, or any one of them, left heirs other than the plaintiffs. A demurrer to a complaint can be interposed only for objections appearing on its face. (Code C. P. § 488; *Haines* v. *Hollister*, 64 N. Y. 1; Story's Eq. Pldg. §§ 226, 238, 543.)

The first ground of demurrer remains to be considered. It has been decided many times, and frequently asserted by text writers, that the heirs of a decedent at whose grave a monument has been erected, or the person who rightfully erected it, can recover damages from one who wrongfully injures or removes it, or by an injunction may restrain one who without right, threatens to injure or remove it, and this though the title to the ground wherein the grave is, be not in the plaintiff but in another. (*Frances* v. *Ley*, Cro. Jac. 366; *Corven* v. *Pym*, 12 Repts. 105; *Spooner* v. *Brewster*, 10 Moore, 494; *S. C.*, 3 Bing. 136; *S. C.*, 2 C. & P. 34; *Matter of Brick Presbyterian Church*, 3 Edw. Ch. 155–168; *Matthews* v. *Jeffrey*, L. R. [6 Q. B. Div.] 290; *Pierce* v. *Swan Point Cemetery*, 10 R. I. 227; *Beatty* v. *Kurtz*, 2 Peters, 566; *Snyder* v. *Snyder*, 60 How. Pr. 368; 1 Rolle Abr. 625; 4 Bac. Abr. Title, Heir and Ancestor, 163; 2 Comyn's Dig., Title Cemetery, 305; 1 Coke Lit. 18b; Coke 3rd Inst. 202 *et seq.*; 2 Black. Com. 428; 2 Steph. Com. [8 ed.] 220; 1 Will. Ex. [7th Am. ed.] 792; Ferrard's Fix. 202.)

But this rule of law is not quite applicable to this case as stated in the complaint, for it is not alleged that the plaintiffs are the heirs of any of the persons whose graves or monuments have been destroyed, nor is it averred that they are heirs of any of the persons buried in that yard.

The word "ancestor" is an ambiguous one, broad enough to include, but not necessarily including, parents, grandparents and all persons in the ascending line, as far as relationship can be traced. "Descendant" is an antonym of "ancestor," but is not a synonym of "heir." It is plain that the allegation that the ancestors of the plaintiffs are buried in this yard is not equivalent to an allegation that the plaintiffs' parents were there buried, or that the plaintiffs are the heirs of the persons there buried. No one is the heir of all of his ancestors.

The rights of the heirs of the grantors to protect the graves and monuments in the ground reserved, are not to be solely ascertained and limited by the rules defining the rights of heirs of persons buried in churchyards and incorporated cemeteries, but must be ascertained from the words of the clause in the deed, aided bv the general rules relating to burial places.

The right of the tenants in common, and of their heirs, is called in the grant an " exception " and a " reservation," the scrivener not seeming to have understood that the words as used are inconsistent. By an exception some portion of the subject of the grant is excluded from the conveyance, and the title to the part so excepted remains in the grantor by virtue of his original title. A reservation creates a new right out of the subject of the grant, and is originated by the conveyance. (*Stockwell* v. *Couillard*, 129 Mass. 230 ; *Langdon* v. *Mayor*, *etc.*, 6 Abb. [N. C.] 314; 1 Wash. R. P. [4th ed.] 432 ; 1 Dart's V. & P. [6th ed.] 612.)

It is recited that ground had then been laid off for interments, and a right of way to and from this ground, with the right to bury therein, is " excepted " and " reserved " to the grantors and their heirs forever. The right to bury carries

with it the right to do so according to the usual custom in the neighborhood, and undoubtedly includes the right of making mounds over and erecting stones and monuments at the graves. The right to make such erections would carry with it the right to protect them from spoliation. The language assumes the existence of a burial ground, and the grantors had the right to protect the graves and monuments which existed at the date of the grant, or which were made during their lives, and their heirs, having succeeded to their rights, may protect the graves and monuments now existing.

It is urged that the allegation that the plaintiffs are the children of one of the heirs of the tenants in common, all of whom are alleged to be dead, is not sufficient to show that they have succeeded to the title, because (1) it is not alleged that their father and his cotenants (plaintiff's uncles and aunts) died intestate. (2) It is not alleged that the uncles and aunts left no ancestors, descendants or collateral relatives entitled to take as heirs before or with the plaintiffs.

An allegation that A. died seized of certain realty, leaving B., C. and D., his children, is a sufficient allegation of title, and if established by evidence makes a *prima facie* case of ownership of the realty by the three children. As to realty, intestacy, not testacy, is presumed. (*Duke of Cumberland* v. *Graves*, 9 Barb. 596–606; *Delafield* v. *Parish*, 25 N. Y. 9–35; *Baxter* v. *Bradbury*, 20 Me. 260; *Lyon* v. *Kain*, 36 Ills. 368; 3 Wash. R. P. [4th ed.] 18; Abb. Tr. Ev. 109.)

That the plaintiffs are the heirs of their father, one of the tenants in common, is sufficiently alleged, but sufficient facts are not alleged to establish their title by heirship to the interest in the burial place of which their uncles and' aunts died seized. To show the heirship of a claimant, he must prove his descent from the person last seized, when he claims as lineal heir, or the descent of himself and' the person last seized, from some common ancestor, or at least from two brothers or sisters. If he claims collaterally he must establish the extinction of all those lines of descent which would be entitled to succeed before him. (*Emerson* v. *White*, 29

N. H. 482; *Richards* v. *Richards*, 15 East. 294; *Roe* v. *Lord*, 2 W. Black. 1099; 1 Sand., Pl. & Ev. 457; 1 Chitty Gnl. Pr. 276 *et seq.;* Adams' Eject. [4th Am. ed.] 324; Tyler's Eject. 485; 3 Wash. R. P. [4th ed.] 18; Abb. Tr. Ev. 85.)

The situation requires an answer to the question, whether the allegation that the plaintiffs have succeeded to the interest of their father is a sufficient averment of title to authorize them to maintain an action to restrain the destruction of the burial ground, and the closing the way thereto, or to recover damages for the injuries committed without alleging that the plaintiffs have succeeded to the interests of all of the tenants in common.

If the facts stated in a complaint are sufficient to constitute a cause of action, whether legal or equitable, the complaint is not demurrable on the ground that it does not state sufficient facts, because the judgment demanded is inconsistent with the cause of action stated, nor because both legal and equitable relief are demanded when plaintiff is entitled to but one. (*Emery* v. *Pease*, 20 N. Y. 62; *Williams* v. *Slote*, 70 id. 601; *Wetmore* v. *Porter*, 92 id. 76.)

All of the rights of the heirs of the grantors in this yard are not individual ones, enjoyable and enforceable by each solely for his own benefit, but many of them are held in common by all of the heirs, and among them those so held are the right of way and the right to maintain the yard for the purpose for which it was laid out and to protect it from destruction. Any one or more of the persons interested in these rights held in common may maintain an action to prevent, by an injunction, the destruction or interruption of such rights. (*Murray* v. *Hay*, 1 Barb. Ch. 59; *Cadigan* v. *Brown*, 120 Mass. 493; Story's Ed. Pldgs. § 286b, 537, 537a.)

It is not necessary that such an action be brought by one nor by all of the persons interested. The damages sustained by each of the plaintiffs, if any, cannot be recovered in this action, but if it shall appear on the trial that all of the heirs are parties plaintiff, any damages arising from an injury to their common interests may be recovered.

The judgment should be affirmed, with costs, and the defendant have leave to withdraw her demurrer and answer, upon payment of costs within twenty days.

All concur.

Judgment accordingly.