AUGUSTUS SBARBORO, Appellant, v. THE HEALTH DEPARTMENT OF THE CITY OF NEW YORK and Others, Respondents.

*Board of health — suit to restrain its action — an answer, stating simply that its order was made in good faith, is demurrable — it is not made good by § 599 of chap. 410 of 1882 — application and constitutionality of that section — pleading.*

Where an action is brought against the health department of the city of New York and the individual members of that board to compel the revocation of certain orders enjoining the plaintiff from using buildings leased by him as a human habitation, without a permit from the health board, condemning the buildings and requiring the plaintiff to remove them, the complaint also asking for an injunction and rental damages, an answer interposed by the individual members of the board of health to so much of the complaint as demands damages against them, which merely alleges that the acts done by the individual defendants were done by them "in good faith, with ordinary discretion, and with evidence before them sufficient to justify their action, and in the due, ordinary and necessary performance of their duties as public officers," and states no facts from which the court can determine the accuracy of that conclusion and presents none of the evidence, alleged to be sufficient, upon which the members acted, is demurrable.

Section 599 of the Consolidation Act (Laws of 1882, chap. 410), which provides that no member of the board of health shall be held to liability for an act done or omitted, in good faith and with ordinary discretion, on behalf of or under the board of health, or pursuant to its regulations, ordinances or the health laws, does not change the rule relating to pleadings which requires a statement of facts showing that the case is within the statute, although the statute itself may not be referred to.

*Quære,* whether section 599 is not limited, in its application, to a single act of destruction or injury which can be redressed in an action at law.

*Quære,* whether it is constitutional.

A defense which is separately pleaded as a distinct defense must be in itself complete, and must contain all that is necessary to answer the whole cause of action, or that part thereof which it purports to answer.

A separate and distinct defense cannot be aided by resorting to other parts of the answer to which it does not refer either in terms or by necessary implication.

APPEAL by the plaintiff, Augustus Sbarboro, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 25th day of January, 1898, upon the decision of the court rendered after a trial at the New York Special Term, overruling the plaintiff's demurrer to the matter contained in the 2d paragraph of the defendants'

answer, on the ground that it is insufficient in law upon the face thereof, and also from an order entered in said clerk's office on the 24th day of January, 1898, directing the entry of said judgment.

This is an action to compel the individual defendants to revoke certain *ex parte* orders made by them as members of the board of health, which perpetually enjoin the plaintiff from using the rear buildings, Nos. 59 and 61 James street, as a human habitation, without a written permit from the board of health, and which condemns the buildings and requires the plaintiff to remove them. The plaintiff also asks an injunction together with rental damages sustained by him during the time he is prevented from using the buildings.

He avers that he is the tenant of these rear buildings, which are tenement houses; that he has sublet the apartments, and that he and his tenants have been forcibly expelled from and kept out of the premises (pursuant to the defendants' orders) to his great and continuous damage.

He also avers that the buildings are and always have been entirely fit for human habitation; have always been sanitary and wholesome, and that their occupants have always enjoyed good health. The defendants, in substance, admit the acts charged, and seek to justify them upon the allegation that the buildings are not fit for human habitation, but, on the contrary, are a nuisance; and that their destruction is essential for the protection of the public health.

The individual defendants then allege, as a separate and partial defense to so much of the action as seeks pecuniary compensation, that their acts were done in good faith, with ordinary discretion. The entire paragraph in question reads as follows:

"II. And as a partial defense to so much of the said complaint and of this action as seeks a judgment for damages against them, the defendants Wilson, Fowler, Doty and Roosevelt allege that as to all of the acts alleged in said complaint to have been committed by them, and as to all the acts admitted in this answer to have been done by them, that the same were done in good faith with ordinary discretion and with evidence before them sufficient to justify their action, and in the due, ordinary and necessary performance of their duty as public officers under and pursuant to the laws in force in the city of New York for the care and preservation of the public health and not otherwise."

To this defense the plaintiff demurred upon the ground that it is insufficient in law. The Special Term overruled the demurrer, and held the plea to be good. From the interlocutory judgment to that effect the plaintiff appeals

*H. A. Forster*, for the appellant.

*Roger Foster*, for the respondents.

BARRETT, J. :

The plea in question must be treated independently. The rule is well settled that a defense which is separately pleaded as a distinct defense must be in itself complete, and must contain all that is necessary to answer the whole cause of action, or that part thereof which it purports to answer. (*The Xenia Branch of the State Bank of Ohio* v. *Lee*, 2 Bosw. 694; *Ritchie* v. *Garrison*, 10 Abb. Pr. 246; *Jackson, Recr.*, v. *Van Slyke*, 44 Barb. 116, note.)

This rule does not tend to prolixity. Allegations of fact which form a part of several defenses may be once stated, and be thereafter incorporated in each successive defense by appropriate words of reference instead of repeating them at length in each. (See same cases.) Reference to allegations of fact already stated in previous paragraphs of the answer may possibly import formal words of reference. But that can only be when the intention to embrace and rely upon them is clear and obvious; in other words, by necessary implication. (*Loosey, Recr.*, v. *Orser*, 4 Bosw. 392.)

In the present case we have no such reference, either express or implied. Indeed, there are no allegations of fact in any other part of the answer which could have any bearing upon the special defense attempted to be set up in this plea. It will be observed that the partial defense in terms refers to all the acts alleged in the complaint to have been committed by these individual defendants; that is, to the vacating and removal orders; to the forcible eviction of the plaintiff and his tenants under the vacating order, and to the continuous wrong of ever since keeping the plaintiff out of possession and enjoyment. There is not a single allegation of fact in any part of the answer bearing upon the individual defendants' good faith and ordinary discretion with regard to these acts. There is matter which, if true, entirely justifies their acts and affords a complete defense to the action. There is no allegation, however, which, upon

the assumption that this complete defense may fail, and that the facts alleged in the complaint may ultimately be found, as matter of fact, to have been illegal and unjustifiable, would still protect the individual defendants against the plaintiff's claim for damages. In other words, the other allegations of the answer go to the root of the case, to the inherent legality upon the real facts of the individual defendants' acts, and not to their good faith and ordinary discretion in acting upon the facts which were presented to them when the orders in question were made and when the injuries thereunder were done.

Thus the defense in question must be tested precisely as it reads. It cannot be aided by resorting to other parts of the answer to which it contains no reference in terms or by necessary implication. We have quoted the entire plea in our statement of facts. It is apparent that this plea is bad. The individual defendants therein say that they acted in good faith, with ordinary discretion, but they state no fact from which the court can test the accuracy of the conclusion thus drawn. They also say that their acts were done " with evidence before them sufficient to justify their action," but they do not present the facts which the evidence tended to show. They cannot justify their action by their own unsupported assertion that undisclosed evidence was sufficient to justify what they did. It was held in *Underwood* v. *Green* (42 N. Y. 142) that an offal contractor acting under an ordinance authorizing the removal of all dead animals and putrid substances is an officer of special and limited jurisdiction, and, although clothed with a judicial discretion, he must, in any given case, where his power is challenged, prove some facts invoking, or tending to invoke, the exercise of his discretion. If he must prove such facts he must certainly aver them. No issue of fact is tendered by an allegation of mere conclusions from undisclosed facts. In *The City of Buffalo* v. *Halloway* (7 N. Y. 493) it was held that a statement in a complaint that by means of a contract, *which was set forth*, it became the duty of the defendant to perform certain acts, is not sufficient, unless the facts necessary to show the duty are stated.

The authorities in support of the general rule are all one way (*Taylor* v. *Atlantic Mut. Ins. Co.*, 2 Bosw. 106; *State Bank of Troy* v. *Bank of the Capitol*, 41 Barb. 343; *Reiners* v. *Brand-*

*horst*, 59 How. Pr. 91; *McKyring* v. *Bull*, 16 N. Y. 297; *Fisher* v. *Charter Oak Life Ins. Co.*, 67 How. 191; *Talcott* v. *City of Buffalo*, 125 N. Y. 280); and we need not pursue the subject further than to say that the plea under consideration presents a case of extreme deviation from the rule. The defendants were not bound, and, indeed, could not be permitted, to plead evidence in support of the facts upon which their conclusions rest. But they are clearly bound to plead the issuable facts upon which their discretion was invoked.

It is said, however, that the defendants are protected by section 599 of the Consolidation Act (Laws of 1882, chap. 410). The material parts of this section read as follows:

" No member, officer or agent of said board of health, and no person (but only the board itself) shall be sued or held to liability for any act done or omitted by either person aforesaid (in good faith and with ordinary discretion) on behalf of or under said board, or pursuant to its regulations, ordinances or the health laws. And any person whose property may have been unjustly or illegally destroyed or injured, pursuant to any order, regulation or ordinance, or action of said board of health or its officers, for which no personal liability may exist as aforesaid, may maintain a proper action against said board for the recovery of the proper compensation or damage to be paid by and from the funds of said board of health. Every such suit must be brought within six months after the cause of action arose, and the recovery shall be limited to the damages suffered."

This section is plainly limited to immunity for unjust or illegal acts done in good faith or with ordinary discretion. It does not purport, either expressly or by implication, to enact a new rule of pleading or to prescribe a statutory form of averment. The ordinary rule of pleading, therefore, governs. (*Bayard* v. *Smith*, 17 Wend. 89.) It was not necessary for the defendants to plead a public statute. " It was," as was said by OAKLEY, Ch. J., in *Goelet* v. *Cowdrey* (1 Duer, 139) " sufficient for the party to set forth the facts which he is advised bring his case within the statutory provisions, leaving the court to determine whether they apply or not either upon a demurrer or upon the trial. In pleadings under the Code, in which facts alone, as distinguished from conclusions of law, are proper to be stated, it may be doubted whether an express refer-

ence to a statute, of which the court is bound to take notice, might not be struck out as redundant." To the same effect are *Carris* v. *Ingalls* (12 Wend. 70); *Austin* v. *Goodrich* (49 N. Y. 268). In the latter case the court said it was a sound and well-settled rule of pleading that the plaintiff who seeks to maintain an action under a statute must state specially every fact requisite to enable the court to judge whether he has a cause of action arising under the statute. The converse is equally true as to a defense arising under a statute. It is quite clear, therefore, that in any view of the case the plea in question, whether treated as under the statute or as general, was bad.

This conclusion renders it unnecessary to consider other important and grave questions which are presented by this demurrer, namely, *first*, whether the section in question was intended to embrace a case like the present where compensation is asked from a court of equity as an incident to its inherent power to restrain the continuous wrongs complained of, or whether the section is not limited to a single act of destruction or injury which can be adequately redressed in a single common-law action for the recovery of the "damages suffered;" and, *second*, whether the act is unconstitutional in depriving a party, whose property is injured or destroyed, of his right to pursue the wrongdoer, and whether the compulsory action against the board, which he is obliged to bring within six months, and in which the recovery is limited to the "damages suffered," can be deemed a certain, adequate and sufficient remedy, especially in view of the fact that the act makes no provision for the raising of the necessary funds wherewith to meet any judgment which the party injured may recover against the board.

The interlocutory judgment should, therefore, be reversed, with costs to the appellant in this court and at Special Term, and the demurrer sustained, with leave to the defendants to withdraw or amend their plea as they may be advised on payment of such costs.

VAN BRUNT, P. J., RUMSEY, PATTERSON and O'BRIEN, JJ., concurred.

Judgment reversed, with costs in this court and at Special Term, and the demurrer sustained, with leave to defendants to withdraw or amend their plea as they may be advised on payment of such costs.