(28 App. Div. 354.)

HENRIQUES et al. v. YALE UNIVERSITY et al.

(Supreme Court, Appellate Division, First Department. April 22, 1898.)

1. ESTABLISHMENT OF WILL—RES JUDICATA.
   The necessary effect of a judgment in an action brought under Code Civ. Proc. § 2653a, is that the will established by it is conclusive as to real property, precisely as a will established by the surrogate's court is conclusive as to personal property; and, so long as the judgment stands, the validity of the will cannot further be attacked.

2. SAME.
   The purpose for which such an action is brought makes no difference with the right of the parties who have brought the suit.

3. SAME—JUDGMENT BY DEFAULT.
   A judgment rendered by default is just as conclusive, so long as it stands, as any other judgment.

4. PLEADING—DEMURRER.
   Under the Code, as at common law, a demurrer searches the record for the first fault in pleading, and reaches back to condemn the first pleading that is defective in substance.

5. SAME—SUIT IN EQUITY.
   While this rule did not apply in suits in the court of chancery, it now governs in all actions, whether at law or in equity.

6. VOID WILL—EFFECT.
   Where a will attempting to dispose of the testator's property to others than his heirs is void, it cannot have any operation as an expression of intention to exclude the heirs.

7. SAME—DISINHERITING HEIR.
   An heir cannot be disinherited by a mere testamentary direction that he shall not take, but only by a devise over to somebody else.

8. ACTION BY COLLATERAL HEIR—PLEADING.

   Where a mere collateral relative claims as an heir at law, he is bound to plead that all the lines of descent which would have the right to claim before him are exhausted.

Appeal from special term, New York county.

Action by Leila O. Henriques and another against the Yale University and others. From a judgment sustaining a demurrer of defendants to the reply (51 N. Y. Supp. 133), plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Delos McCurdy, for appellants.

James C. Carter and Thos. G. Shearman, for respondents.

RUMSEY, J. The action was brought for the partition of real estate, of an undivided interest in which the plaintiffs claim to be seised as the heirs at law of Miriam A. Osborn, who, it is alleged, was their sister. The complaint sets out that Mrs. Osborn, after making her alleged last will and testament, died seised in fee of certain premises, which are more particularly described in the complaint. It then states that Mrs. Osborn died intestate, notwithstanding an apparent devise. The alleged will is then set out at length, and it is stated that the will is void, as procured by undue influence, and because Mrs. Osborn, at the time of making the will, by reason of that undue influence, was incapable of making any will whatever. It is also alleged that, at the time of her death, Mrs. Osborn had a living son, Howell Osborn, and that certain provisions of the will are illegal and void, because they are in contravention of the laws of the state, which prohibit a person having a child from devising or bequeathing more than one-half of her estate, in trust or otherwise, to benevolent, charitable, literary, scientific, religious, or missionary societies, associations, or corporations, and that, by the will, Mrs. Osborn is made to devise or bequeath more than one-half of her estate to such societies. It is further alleged that Howell Osborn died after the death of his mother, but whether he left any children surviving him does not appear. No allegation is made in that regard. It is further stated that the plaintiffs are the only surviving sisters of Mrs. Osborn; that the defendant Henrietta Olive Trowbridge is the daughter of a deceased brother, and that those three have an estate of inheritance in the lands described in the complaint, and are each entitled to an undivided one-third interest therein. The complaint, then, after some other formal allegations, closes with a demand that the alleged will of Miriam A. Osborn be adjudged and decreed to be invalid and of no force whatever, and that the devises in the said will contained be adjudged to be void, and that the property be partitioned between the two plaintiffs and Miss Trowbridge. The defendant the Yale University interposes an answer, purporting to contain two separate defenses. The first of the alleged defenses contains nothing material to the questions now under advisement, and need not be further considered. The second defense is purely affirmative in its nature. It alleges that Miriam A. Osborn left, her surviving, a son, Howell Osborn, her only child and sole heir at law; that Howell Osborn died in the city of New York, in February, 1895, leaving a last

will and testament, a copy of which is set out in the answer; and that the will was duly admitted to probate by the surrogate of the city and county of New York, as a will of real and personal property. It further alleges that in 1896 the person named in that will as executor began an action to establish the validity of the will of Howell Osborn; that the plaintiffs and the defendant Henrietta Olive Trowbridge and Minnie Garson were made parties defendant, and appeared in said action; and that such proceedings were had that on the 11th of June, 1897, judgment was duly entered in that action, adjudging that the said will was the last will and testament of Howell Osborn, deceased, as to both real and personal property, and that the probate thereof was in all respects valid. The plaintiffs were, by order, required to reply to this answer, and they interposed a reply, denying, in the first place, that the plaintiffs and the defendant Henrietta Olive Trowbridge ever were the heirs at law of Miriam A. Osborn, deceased. They deny that the alleged will of Howell Osborn was valid, and allege that it was obtained by undue influence of John W. Sterling. They admit that he died in February, 1895; that the paper set out in the answer as his will was admitted to probate by the surrogate of the city and county of New York as a will of real and personal property; that the executor of the will, in 1896, commenced an action in the supreme court to establish the validity of it, to which the plaintiffs were parties, and in which they appeared. They admit that the verdict was rendered in that action establishing the will, and that the judgment was entered thereon; but they allege that the action was brought for the purpose of preventing a trial on the merits of the present suit, and that the verdict in that case was rendered by default. To this reply the defendant the Yale University demurred. Upon the trial of the issue of law thus raised, judgment was entered for the defendant demurring; and, as no leave to amend was given, final judgment was subsequently entered, dismissing the complaint, and from that judgment this appeal is taken.

The sole ground upon which the plaintiffs claim a right to inherit this property which they seek to recover is that the will of Miriam Osborn is void, as procured by undue influence, and that they and the defendant Trowbridge are her heirs at law, and entitled to inherit her real estate. As it appears by the complaint that Miriam Osborn left a son surviving her, it is necessary for them in some way to dispose of that son, who otherwise would be the sole heir at law of his mother. Just how they endeavor to do this is not precisely clear, nor are we afforded much information on that subject by the brief of the learned counsel for the appellants. The complaint alleges that the will of Miriam Osborn is void, for the reasons therein stated. This allegation is not denied by the answer, and therefore it must be assumed that Miriam Osborn died without disposing of her property. The result would be that Howell Osborn, her son, inherited her real estate as her heir at law. It appears, however, by the complaint, that he died before the commencement of the action. It is not quite apparent how that fact is of any benefit to the plaintiffs to enable them to maintain their action, because there is no allegation in the com-

plaint that Howell Osborn did not leave a child, or that there are not other persons than the plaintiffs who would be entitled to inherit before the plaintiffs would. But passing by that manifest defect in the complaint, and assuming, for the purposes of the argument only, that, in some way which is not clearly defined, the death of Howell Osborn intestate operated to destroy his heirship from his mother, and to establish the plaintiffs and Miss Trowbridge as the heirs at law of Miriam Osborn, it is quite clear that the second defense in the answer disposes of Howell Osborn's intestacy, and proves that the property of which he was seised in his lifetime was devised by him under the will which is therein set out. It is clear that, if the will of Howell Osborn was valid and operative, there is no possible way by which the plaintiffs could inherit this property or be entitled to a partition of it. The answer not only alleges that this will was duly executed, but it sets up a judgment establishing the will, pursuant to the provisions of section 2653a of the Code of Civil Procedure. The reply admits the rendition of this judgment. To be sure, it alleges that the action in which the judgment was rendered was brought to prevent the trial of the present suit upon the merits, and that the verdict in that action was rendered by default; but neither of those facts is of the slightest importance. The purpose for which an action is brought makes no difference with the rights of the parties who have brought the suit, and a judgment rendered by default is just as conclusive, so long as it stands, as any other judgment. Brown v. Mayor, etc., 66 N. Y. 385; Gates v. Preston, 41 N. Y. 113.

The action in this court to establish this will as a will of real estate was one brought pursuant to the provisions of one of the sections of the Code of Civil Procedure, and the only question is what effect is given by the statute to the judgment in that action. The section referred to is 2653a, which was added to the Code in the year 1892. The evil which it was designed to remedy was one of long standing, and productive of great inconvenience. Following the analogy of the English courts, by which the court of the surrogate, being an ecclesiastical tribunal, had no jurisdiction over real estate, our laws had established that the probate of a will before the surrogate, while conclusive as to personal property, was only prima facie evidence of its validity as to real estate; and the result was that one claiming title to it under a will, of however long standing, was not able conclusively to establish its validity by any proceedings in court; but, whenever a title was sought to be deduced through the will, the heir at law, or anybody else claiming in opposition to it, was at liberty to attack the validity of the will precisely as he might attack the validity of a deed, and put the devisee to the trouble and expense of establishing its due execution. Section 2653a of the Code was enacted to put an end to this anomalous condition of affairs. It provided that certain persons interested in a will admitted to probate in this state might cause the validity or invalidity of the probate to be determined in an action in the supreme court in the county in

which the probate was had. The proceedings to be taken in that action were particularly set out in the section, even as to the manner in which the trial should take place. The section provides that the only question to be litigated is whether the writing produced is or is not the last will and testament of the testator, and it further provides that the verdict entered thereon shall be conclusive as to the real and personal property, unless the judgment is reversed or vacated; and it further directs that, when the judgment entered upon that verdict is that the writing produced is the last will and codicil of the testator, all the parties to the action, and all persons claiming under them subsequent to the commencement of the action, shall be enjoined from bringing or maintaining any action or maintaining a defense in any action based upon a claim that such writing is not the last will of the testator. The necessary effect of this judgment is that the will, when established by it, is conclusive as to real property, precisely as the will established by the court of the surrogate is conclusive as to personal property; and, so lon° as the judgment stands, the validity of the will cannot further be attacked. Not only does the statute itself make this perfectly clear in express terms, but it has so been regarded by the courts. In re Ruppaner's Will, 9 App. Div. 422, 41 N. Y. Supp. 212; Long v. Rodgers, 79 Hun, 441, 29 N. Y. Supp. 981; Snow v. Hamilton, 90 Hun, 157, 35 N. Y. Supp. 775; Lewis v. Cook, 150 N. Y. 163, 44 N. E. 778.

When, therefore, it had been made to appear in the answer, and admitted by the reply, that the will of Howell Osborn was valid, it necessarily followed that the plaintiffs did not inherit this property, and had no right to maintain this action. This was the necessary result if the examination is confined solely to the reply and answer, but the defendants are not compelled to stand solely upon that examination. Upon a demurrer to a pleading, it was the rule at common law that all previous pleadings might be examined, and judgment must be rendered against the party who committed the first fault in pleading in the matter of substance. There was no question as to that rule at common law. Mercein v. Smith, 2 Hill, 210. The same is the rule under the Code of Civil Procedure. As has been stated in a recent case, a demurrer searches the record for the first fault in pleading, and reaches back to condemn the first pleading that is defective in substance. Baxter v. McDonnell, 154 N. Y. 432, 436, 48 N. E. 816; Williams v. Williams, 25 Abb. N. C. 217, and note, 11 N. Y. Supp. 753. While this was not the rule in the court of chancery, the distinction between pleadings at law and in equity has been abolished by the Code of Civil Procedure, and in this particular respect all pleadings are governed by the common-law rule. If we apply this rule to this case, and examine the complaint, it is perfectly evident that the complaint itself is defective, and establishes no cause of action in favor of the plaintiffs. Its allegations, taken together, amount to this: That Mrs. Osborn died, having gone through the form of making a will, which was void, because procured by undue influence, and that, therefore, she was intestate; that she left a son

surviving her, who is dead; that the plaintiffs are her sisters, and Miss Trowbridge is the daughter of a deceased brother. These are substantially all the allegations of fact in this complaint. It is quite true, it states that the plaintiffs and Miss Trowbridge are her heirs at law; but these allegations are mere conclusions of law, and it is shown that they are not true by the facts set out in the complaint, which are that Mrs. Osborn left a son surviving her; that son, having survived her, clearly inherited all her real estate, and the plaintiffs do not show themselves entitled to the real estate, unless they can trace their inheritance through Howell Osborn, who, from a necessary conclusion of law from the facts alleged in the complaint, was the heir at law of his mother, and took title to her real estate at the time of her death without a will. But no such attempt is made, and no allegations are made to show that the plaintiffs have any such right. There is not even an allegation that he died without children; and the rule is well settled that where one, being only a collateral relative, claims as an heir at law, he is bound to plead that all the lines of descent which would have the right to claim before him are exhausted. Mitchell v. Thorne, 134 N. Y. 536, 541, 32 N. E. 10; Emerson v. White, 29 N. H. 482; Richards v. Richards, 15 East, 294. Nothing of this kind is set out in the complaint, and for that reason it is fatally defective.

But it has been suggested that it was the obvious intention of the will that Howell Osborn should not take under it, and the argument is made that, as the will intended to exclude Howell Osborn from any rights to his mother's estate, it is, although void, an expression of intention on the part of his mother to exclude him from his inheritance, and for that reason the property goes to her collateral relatives. Such a proposition cannot be sustained. The will is either valid or void. If it is valid, the property goes as directed by it. If it is void, it is of no effect whatever, and the property necessarily passes to the person who would be entitled to it if the ancestor died without a will. Henriques v. Sterling, 26 App. Div. 30, 49 N. Y. Supp. 1071. Even if it were intended to disinherit Howell Osborn, that cannot be done unless the will devises the property over to somebody else. Gallagher v. Crooks, 132 N. Y. 338, 30 N. E. 746. But there is no valid devise over in this case, and therefore, if the will or any part of it is void, the heir at law takes that portion of which the testator made no valid disposition.

There is no possible aspect of this case in which it can be said that this complaint sets out a cause of action, and for that reason the judgment must be affirmed. It is not apparent that there is any way in which these pleadings can be amended so as to set out a cause of action in favor of the plaintiffs, or that they would be benefited in any way by an opportunity to amend. Therefore no permission to amend will be given.

Judgment affirmed, with costs. All concur.