(114 App. Div. 850)

MOSER et al. v. TALMAN et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

1. WILLS—ACTION TO DETERMINE VALIDITY—COMPLAINT—SUFFICIENCY.

In an action against executors and heirs, based on a contention that testator's will violated Laws 1860, p. 607, c. 360, providing that no person having a husband, wife, child, or parent shall by will give more than one-half of the estate to a charitable corporation, the complaint alleged that testator and plaintiffs were cousins, that testator died without issue, and leaving a wife, but no father or mother, and that plaintiffs were the only heirs and next of kin. Held, that the complaint was demurrable on the ground that plaintiffs did not allege facts entitling them to bring the action, as brothers and sister and descendants of brothers or sisters or uncles or aunts are preferred over cousins by the statutes of distribution, and the allegation as to plaintiffs being the heirs amounted to a conclusion.

2. SAME—PARTIES ENTITLED TO ATTACK WILL.

Laws 1860, p. 607, c. 360, provides that no person having a husband, wife, child, or parent shall give by will more than half his estate to a charitable corporation. Held, that a cousin who would have taken an interest in testator's estate if he had died intestate was entitled to bring an action attacking the will on the ground that it violated the statute.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 550–552.]

Gaynor, J., dissenting.

Appeal from Special Term, Kings County.

Action by Mary Moser against Frederica Talman, individually and as executrix, and others, and from a judgment overruling demurrers to the complaint, defendants other than Frederica Talman appeal. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and GAYNOR, JJ.

Henry de Forest Baldwin, for appellant Charles A. Runk.
Howard O. Wood, for appellant Brooklyn Children's Aid Society.
R. Percy Chittenden, for respondents.

JENKS, J. This action is by certain of the alleged heirs and next of kin against executors and other alleged heirs and next of kin, based on the contention that the will violates chapter 360, p. 607, of the Laws of 1860, in that at the time of his death the testator had a wife then living, and that at his death he did bequeath and devise more than

one-half of his estate to charitable corporations. The plaintiff complains that the testator died seised and possessed of certain real and personal property situated within this state. The testator, after, two specific legacies, gave, devised, and bequeathed all the residue of his estate to his wife for life. He then provided, in case of her predecease or upon her death, that the executors should convert his estate into cash, and then bequeathed to various persons and charitable corporations certain specific sums of money. Finally, he directed that at the death of his widow all the rest and residue of his property, including all lapsed legacies, should be divided, share and share alike, between two charitable corporations. He also empowered his executors in their discretion to lease or sell any of his property. · The defendant executor Runk, Runk as legatee, and one of the residuary legatees, separately demurred to the complaint.

I think that in any event the demurrer is good, on the ground that the plaintiffs do not well allege the facts that entitle them to bring this suit. The relationship of the parties plaintiff and defendant to the testator, as alleged, is cousin. The pleader alleges that the relator died without issue, and leaving no father or mother. This allegation disposes of lineal descendants and parents, but not of brothers and sisters, or descendants of brothers or sisters, or of uncles 'or aunts, of whom some or all are preferred before cousins by the statutes of descent and distribution, respectively. It is quite true that the pleader alleges that the plaintiffs and the other parties named are the "only heirs at law and next of kin," but this is a conclusion of the pleader, and does not satisfy the rule that where one being only a collateral relative claims as an heir at law he is bound to plead that all the lines of descent which would have the right to claim before him are exhausted. Henriques v. Yale University, 28 App. Div. 361, 51 N. Y. Supp. 284, and cases cited; appeal dismissed 157 N. Y. 672, 51 N. E. 1091; Encyclopedia of Pleading & Practice, vol. 12, p. 1042—citing Larue v. Hayes, 7 Bush (Ky.) 53; Kerlee v. Corpening, 97 N. C. 334, 2 S. E. 664; Fite v. Orr (Court of Appeals; Ky.) 1 S. W. 582; Reiners v. Brandhorst, 59 How. Prac. 91. The opinion in the last case is by Van Vorst, J., and the case is cited in Sbaroro v. Health Department, 26 App. Div. 180, 49 N. Y. Supp. 1035. Also, Encyclopedia of Pleading & Practice, vol. 10, p. 53, which states the rule as follows: "When a person sues as heir, the declaration must show how he is heir by setting forth his pedigree"—citing Denham v. Stephenson, 1 Salk. 355; Jefferson v. Morton, 2 Saund. 7, note 4; Treasurer v. Hall, 3 Ohio, 225; Phillipps v. Phillipps, 4 Q. B. Div. where, at page 143, Brett, L. J., says:

"Where the facts in a pedigree are facts to establish the right or title they must be set out; but where the pedigree is the means of proving the facts relied on as facts to which the right or title is to be established, then the pedigree is evidence that need not be set out." ·

The Encyclopedia also cites Baker v. Harwood, 7 Sim. 375; Hubbard v. Urton (C. C.) 67 Fed. 419. See, too, Abbott's Trial Brief, p. 524. In Fite v. Orr, supra, the allegation was that the appellees "are the only heirs of said Payne and Orr." The Court of Appeals of Kentucky say:

"This averment, as has been repeatedly held by this court, 'is but a conclusion of law' and not an averment of fact; and, not being an averment of fact, the adverse party admits nothing by his failure to answer it. The party who claims his title or right to property by reason of his heirship must allege his kinship to the person through whom he claims, and also allege that there are no others nearer of kin than himself; that is, he must set out the degree of relationship in which he stands to the person through whom he claims, and also show that there are none standing in a nearer degree of relationship, so · that the court may be able to say, from the facts stated in that regard, whether the party, under the law, is entitled to the property as heir, etc. The answer of appellees is fatally defective in this regard."

In view of the dissent in this case, it seems proper that I say that I do not regard the expression of the court upon this point in Henriques v. Yale University, supra, as "dictum." The point of pleading was presented in the case. The court passed upon it directly, obtaining here in the words:

"There is not even an allegation that he died without children, and the rule is well settled that where one, being only a collateral relative, claims as an heir at law, he is bound to plead that all the lines of descent which would have the right to claim before him are exhausted." See page 361 of 28 App. Div., page 289 of 51 N. Y. Supp.

After citing authorities, the court immediately continues: "Nothing of this kind is set out in the complaint, and for that reason it is fatally defective." A dictum is an opinion expressed by the court, which, not being necessarily involved in a case, lacks the force of an adjudication (Bouvier). In Florida Central R. R. Co. v. Schutte, 103 U. S. 118–143, 26 L. Ed. 327, it was held that a decision of the court on a certain point, when properly presented and decided in the regular course of the consideration, is not dictum, because something else was found in the end which disposed of the whole matter. If I am right in this contention, then in case the plaintiffs plead over, they may have opportunity to recast their complaint, so as to meet other various criticisms made upon it, of which some at least are quite serious, but none in my opinion may not be cured by an amended pleading.

There remains, then, at this stage of the case, to consider only such further objections as challenge the very right of maintenance of this suit. I think that under Read v. Williams, 125 N. Y. 560, 26 N. E. 730, 21 Am. St. Rep. 748, such an action lies. The objection that under the terms of the will the plaintiffs, even if the proper parties, with proper pleading, have no such interest as would warrant any present suit, was held good in a similar case in Kalish v. Kalish, 45 App. Div. 528, 61 N. Y. Supp. 448, but the case, while affirmed, was reversed upon that point. Kalish v. Kalish, 166 N. Y. 371, 59 N. E. 917. The objection that the plaintiffs not named in the act of 1860 have no right to assert the violation of the statute is met by Robb v. Washington & Jeff. Coll., 103 App. Div. 345, 93 N. Y. Supp. 92, affirmed June, 1906.

The interlocutory judgment must be reversed, with costs to both appellants, and the demurrer sustained, with leave to the plaintiffs to plead over upon the usual terms. All concur, except GAYNOR, J., who dissents.

GAYNOR, J. (dissenting). The allegation of the complaint is that the testator died leaving the plaintiffs (excepting one who is named) and certain defendants who are named, "as his only heirs at law and next of kin." Under a demurrer that the complaint does not state facts sufficient to constitute a cause of action, it is claimed that this allegation is of a conclusion of law only, and is not an allegation of fact that the said plaintiffs and defendants are the heirs at law and next of kin of the testator.

There is a settled and familiar rule of pleading that an allegation of a conclusion of law in a pleading goes for nothing; is a nullity. But an allegation of a conclusion of fact is another thing; the rule has nothing to do with it. An allegation of an ultimate fact to be proved has always sufficed in pleading although it be a mere conclusion from other facts which have to be proved. To plead such other facts is not permissible, for that would be pleading the evidence, of which only a novice would be guilty. For instance, in an action of ejectment a bare allegation that the plaintiff is the owner of the property, and entitled to the possession thereof, suffices. It is not necessary to allege the stages of heirship, of device, of grant, or the facts of adverse possession, upon which such ownership depends. In the same way an allegation that a decedent died leaving the plaintiff as his only heir at law suffices. It may be an allegation of a conclusion of fact, but that must not be confounded with the rule against allegations of conclusions of law. It is an allegation of the ultimate fact which has to be proved. The contention that it was necessary for the plaintiffs to trace their descent by allegations of fact of its source and stages in the complaint, arises out of momentarily mistaking a rule of evidence for a rule of pleading. In order to establish their heirship they have to prove their source and stages of descent on the trial; but that does not imply that such facts have to be pleaded; there is no such rule of pleading.

It is only necessary (if even that be necessary) to turn to any standard encyclopedia or text-book on pleading to find that an allegation of an ultimate fact to be proved, although it be necessarily an allegation of a conclusion of fact, is good pleading; it is not an allegation of a conclusion of law. The dictum to the contrary in the case of Henriques v. Yale University, 28 App. Div. 361, 51 N. Y. Supp. 284, is evidently inadvertent and certainly does not control us. We should not by following the inadvertence of any judge or court change an ancient and logical rule of pleading. The change would be a radical disturbance; it would reach many cases besides allegations of heirship. For instance, in an action for the conversion of a chattel, in a case where the conversion has to be proved by evidence of a demand and refusal, the demand and refusal do not need to be alleged in the complaint. An allegation of the ultimate fact to be proved, i. e., conversion, suffices, although it is a deduction or conclusion from other facts, i. e., demand and refusal, for it is not a conclusion of law but of fact. The said dictum cites Mitchell v. Thorne, 134 N. Y. 536, 32 N. E. 10, 30 Am. St. Rep. 699, and two other cases as authority. When we turn to the opinion in Mitchell v. Thorne we find the part on that head to be a dictum also; and when we examine the cases cited in both cases as authority we find that none of them were on a question of

pleading, but that all of them were on a question of evidence and only asserted a rule of evidence.    But even the dictum in Mitchell v. Thorne does not declare the ruling of pleading asserted in the dictum in Henriques v. Yale University.    It reveals, though obscurely, that there was no allegation that the plaintiffs were the only heirs of the collateral branches.    But as the action was maintainable even though they were not such heirs, all said on that subject was necessarily obiter.    The opinion in the case of Reiners v. Brandhorst, 59 How. Prac. 91, holding as it does that an allegation of intestacy is necessary to an allegation of heirship, in face of the trite rule that intestacy, and not testacy, is the legal presumption, does not need to be discussed.    It cites no authority and was an off-hand inadvertence.