that the resolution aforesaid is void and of no effect, and consequently that the application for the appointment of commissioners herein should be denied.

Motion denied.

(164 App. Div. 728)

TUTHILL · et al. v. FORBES et al.    (No. 6437.)

(Supreme Court, Appellate Division, First Department.    December 4, 1914.)

1. PLEADING (§ 254*)—DEMURRERS—ORDERS—AMENDMENT—EFFECT.

A prior order sustaining demurrers to a complaint and authorizing plaintiffs to amend did not preclude plaintiffs from pleading substantially the same allegations in their amended complaint and maintaining that they stated a cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 752–760; Dec. Dig. § 254.*]

2. DESCENT AND DISTRIBUTION (§ 71*)—NEXT OF KIN—CAPACITY TO SUE.

Where, in a suit to determine the validity of the probate of a will, the complaint alleged that testator left no father, mother, brother, sister, or widow, but did leave "him surviving, as his only heirs at law and next of kin," all of the plaintiffs, 16 in number, and the 3 infant defendants, who were all related to him by blood, some as nephews and nieces, and others as grandnephews, grandnieces, great-grandnephews, and great-grandnieces, and the descent of each from deceased brothers and sisters of the testator was set out in full, and annexed to the complaint, and made a part thereof, in a statement alleged to be "the full line of descent of the heirs at law and next of kin" of the testator, showing the names of brothers and sisters and their descendants, and whether living or dead, it sufficiently showed that testator left no direct descendants, and that plaintiffs and the three defendants were his only surviving next of kin, and therefore entitled to sue.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 229–236; Dec. Dig. § 71.*]

Appeal from Special Term, New York County.

Action by Frank H. Tuthill, Rose Tuthill, individually and as executrix of William G. Tuthill, deceased, and others, against Margaret Eleanor Forbes, individually and as executrix of the will of Enoch R. Tuthill, deceased, and others. From an order overruling the demurrer of Margaret Eleanor Forbes Debevoise, individually and as executrix, etc., and from an order denying her motion to sustain her demurrer and for judgment on the pleadings, she appeals. Affirmed.

See, also, 149 N. Y. Supp. 1115.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Wilson Lee Cannon, of New York City, for appellant.
Edwin P. Kilroe, of New York City, for respondents.

LAUGHLIN, J.   The appellant demurred to the second amended complaint on the ground that it does not state facts sufficient to constitute a cause of action. The plaintiffs thereupon moved for an order overruling the demurrer and for judgment on the pleadings, and the appellant moved for an order sustaining her demurrer and for judg-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment on the pleadings. The plaintiffs' motion was granted to the extent of overruling the demurrer, but appellant was given leave to answer, and her motion was denied, and separate orders were entered, and from them she appealed.

[1] This is an action based on the provisions of section 2653a of the Code of Civil Procedure to determine the validity of the probate of the will of Enoch R. Tuthill, deceased, which was admitted to probate in New York county on the 1st day of December, 1911. Counsel for appellant draws attention to the fact that the decisions of the Special Term from which the appeal was taken are inconsistent with two former rulings at Special Term involving the same point on substantially the same allegations, wherein it was held that the complaint was insufficient, and, as appears by formal stipulation, he has at the request of counsel for plaintiffs—for what purpose is not apparent—printed the original and first amended complaints showing that fact; but the orders made on the former motions for judgment on the pleadings, after the presentation of each successive demurrer, are not in the record, and it is not claimed that the decisions thereon are res adjudicata of the question now presented. Each of the former demurrers presented another first ground and that now presented as a second ground of demurrer. When each of the former demurrers was brought on for hearing, the plaintiffs recognized that their pleading was vulnerable on the first ground and moved for leave to amend, and it is conceded by the points that in each instance their application for leave to amend was granted and the demurrer sustained, with $10 costs, but whether by the same order, or whether the demurrer was sustained on both grounds, does not appear, and counsel do not agree with respect to whether or not both grounds of the demurrer were litigated. The plaintiffs, therefore, were neither precluded by the dispositions of the former motions in the exercise of the privilege accorded them to amend from pleading the facts alleged in their pleading now before the court, nor concluded from maintaining that they state a cause of action.

[2] The real point presented for decision is whether the plaintiffs have sufficiently alleged *that they are heirs at law* of the testator. The complaint shows that the testator left him surviving no father, mother, brother, sister, or widow, and it is then alleged that he left "him surviving, as his only heirs at law and next of kin," all of the 16 plaintiffs and the 3 infant defendants, who were all related to him by blood, some as nephews and nieces, and others as grandnephews, grandnieces, great-grandnephews, and great-grandnieces, and the descent of each from deceased brothers and sisters of the testator is set out in full and annexed to the complaint, and made a part thereof in a statement alleged to be "the full line of descent of the heirs at law and next of kin" of the testator, showing the names of brothers and sisters and their descendants, and whether living or dead. The contention of the learned counsel for the appellant is that these allegations do not show that the testator left no direct descendants, and he cites, in support of his contention, that where the claim of heirship is through collateral descent the claimant must allege the extinction of all lines of descent which would be entitled to succeed before him. Henriques v. Yale Univer-

sity, 28 App. Div. 354, 51 N. Y. Supp. 284; Mitchell v. Thorne, 134 N. Y. 536, 32 N. E. 10, 30 Am. St. Rep. 699; Moser v. Talman, 114 App. Div. 850, 100 N. Y. Supp. 231; Reiners v. Brandhorst, 59 How. Prac. 91; and Montgomery v. White, 11 S. W. 10, 10 Ky. Law Rep. 905.

The first of these cases was decided in this department on a demurrer to a reply to a defense in partition. The plaintiffs therein claimed real estate as heirs of their sister, who they alleged made a will which was void on the ground of undue influence, and that she therefore died intestate; that she left a son surviving her, who since died; that plaintiffs are her sisters, and that one of the defendants was the daughter of a deceased brother; and that plaintiffs and the daughter of the deceased brother "are her heirs at law." The answer to which the plaintiffs were required to reply showed that the sister's son left a valid will, and that the validity thereof had been established in an action to which plaintiffs were parties. Judgment was entered upon the demurrer to the reply, and final judgment was entered thereon dismissing the complaint, and on the appeal from that judgment the cause came to this court. After stating the facts and showing that the judgment was right, for the reason that the surviving son of Mrs. Osborn, the decedent, took to the exclusion of her sisters on the theory, as claimed by the plaintiffs, that the will was void, and that it appeared by the facts admitted that *he* died leaving a valid will, so that plaintiff could not take through him, the learned justice writing the opinion proceeded to discuss the further contention that the complaint was insufficient, and expressed the view, in which all the members of the court concurred, that the allegation that Mrs. Osborn left a son her surviving showed that the title vested in him, and annulled the allegation that the plaintiffs and their niece were heirs at law, and thereupon, following the dictum in Mitchell v. Thorne, supra, also stated that there was no allegation that Mrs. Osborn's son died without issue, and that, since plaintiffs were only claiming as collateral heirs at law, they were bound to plead that all the lines of descent which would have the right to claim before them were exhausted, and for the reason that they failed to do so the complaint was fatally defective.

In Moser v. Talman, supra, the Appellate Division in the Second Department, by a divided court. citing Mitchell v. Thorne and Henriques v. Yale University, supra, held that the allegation that the plaintiffs and certain defendants are the "only heirs at law and next of kin" of a decedent through whom they claimed title "is a conclusion of the pleader, and does not satisfy the rule that where one, being only a collateral relative, claims as an heir at law, he is bound to plead that all the lines of descent which would have the right to claim before him are exhausted." The writer of the dissenting opinion in that case took the view that this was an allegation of an ultimate fact to be proved, and that it was a sufficient allegation of such fact, the same as the allegation in an action of ejectment that the plaintiff is the owner of the premises and entitled to possession. In that case the prevailing and dissenting opinions differed with respect to whether what was said on this point by this court in Henriques v. Yale was dicta or essential to the decision.

The decision of Reiners v. Brandhorst, supra, was at Special Term.

The last decision on the point was by the Third Department in the case of Judson v. Staley, 163 App. Div. 62, 148 N. Y. Supp. 733, which was decided by a unanimous court. The only point presented for decision and decided in that case was that in such an action as this a complaint which merely alleged that the testatrix left her surviving the plaintiff's intestate and the defendant "her next of kin and only heirs at law," without showing their relationship, or whether by direct or collateral descent, was a sufficient allegation of the ultimate fact to be proved, that the plaintiff's intestate and the defendants were her heirs, and her only heirs at law.

It is of no practical general importance how the point is decided, but it is important that it should be finally decided one way or another. Nothing but delay is accomplished by demurrers or motions for judgment on the pleadings presenting such a question. Of course, no one would claim that a witness could take the stand on a trial and testify that he was the only heir at law and next of kin of some decedent. Upon the trial the plaintiff will be required to present evidence showing that the heirship is as alleged. If this pleading be sustained, it will at least tend to conciseness in pleading, and that is an advantage. The modern tendency of the courts is to construe pleadings more liberally, and to discourage attempts to require the courts to decide questions which can be of no practical value in the final disposition of the litigation, since the question left doubtful by the pleadings is often determined upon the trial by uncontroverted evidence. The only possible advantage in requiring that the party in such case allege at length the facts showing the extinction of all lineal or collateral descendants who would have a prior right is that it would prevent the defendant being taken by surprise by any evidence that might be offered on the trial; but if there be danger of that an adverse party may be protected by a bill of particulars or an examination before trial. I am of opinion, therefore, that the complaint is sufficient.

It follows that the order should be affirmed, with $10 costs and disbursements, but with leave to appellant to withdraw the demurrer and to answer, on payment of the costs and disbursements. All concur.