

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~WILLIAM WILSON~~
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-6984
Re: Classification of step-mother of
decedent for inheritance tax purposes.

Your request for opinion on the captioned subject has
been given careful consideration by this department. The facts
stated therein are, briefly, as follows: Decedent left a will
by which he devised his entire estate to his step-mother. The
attorney for the devise is contending that she should be placed
in Class A, as defined in Article 7118, instead of in Class E,
as defined in Article 7122, as is contended by you.

Article 7117 subjects all property passing by will or
by the laws of descent and distribution to an inheritance tax
in accordance with the classification set out in Articles 7118
to 7122.

Article 7118, so far as pertinent hereto, reads as fol-
lows:

"Class A. Husband or wife or their descendants
or ascendants -- If passing to or for the use of
husband or wife, or any direct lineal descendant
of husband or wife, or <u>any direct lineal descendant
or ascendant of the decedent</u>, or to any legally
adopted child or children of the decedent, or to
the husband of a daughter, or the wife of a son,
the tax shall be one (1) per cent on any value in
excess of Twenty-five Thousand Dollars ($25,000.00),
and not exceeding Fifty Thousand Dollars ($50,000.00);
. . . . . . ." (Emphasis added)

A step-mother is not a direct lineal descendant or ascen-
dant of the decedent, nor is she included within any of the other
groups enumerated in the statute. The words "direct descendant"
and "lineal descendant" have clearly defined meanings in law.
Vol. 12, Words & Phrases 467; Vol. 25 Words & Phrases 319. The
term "ascendant" has had less judicial treatment, but since it
is an antonym of "descendant" the same rules for determining the
relationship would apply. It is synonymous with "ancestor."

The word "ancestor" has been held to include parents, grand-parents, and all persons in the ascending line as far as rela-tion can be traced. Mitchell v. Thorne, 32 N.E. 10, 134 N.Y. 536, 30 Am. St. Rep. 699.

Under a statute providing that children are bound to support ascendants who are in need, it was held that a son must maintain his needy mother, since she was an "ascendant in need." Tolley v. Karcher, 196 La. 685, 200 So. 4.

In all instances found, dealing with either the term "ancestor" or "ascendant", the courts required that there be some blood relationship between the parties. There is none in the case of a step-mother, and therefore she cannot be placed in Class A as defined in Article 7118.

Article 7122 provides:

"If the passing to or for the use of the
United States.........or to any other person...
.....not included in any of the classes men-
tioned in the preceding portions of the ori-
ginal Act.......the tax shall be: 5% on any
value in excess of $500 and not exceeding
$10,000...........", etc.

It is our opinion that the beneficiary in question is such "other person" referred to in Article 7122, and is subject to the provisions thereof.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Arthur L. Moller (s)
   Arthur L. Moller
   Assistant

ALM:vwb:wc

APPROVED DEC 18, 1945
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/GWB Chairman